IN THE

# SUPREME JUDICIAL COURT,

IN THE

# COUNTY OF HANCOCK.

ARGUED AT JULY TERM, 1846.

---

### THE STATE *versus* HIRAM FLYE.

Where there are several counts in an indictment, the Court may, in the exercise of its discretion, compel the prosecuting officer to select on which charge he will proceed; but when different counts are inserted in good faith for the purpose of meeting a single charge, the Court will not compel the prosecuting officer to make a selection.

Where an indictment for forging an order, set it out as it was when altered, and the proof was, that it was originally drawn for nine dollars, and had been altered to nineteen dollars, *it was held*, that the indictment was sufficient.

If the indictment alleges, that the accused "forged and counterfeited a certain order for the payment of money, purporting to be made and drawn by Eaton Clark and Isaac Somes, selectmen of the town of M.", it is not necessary, to sustain the indictment, to prove, that those men were in fact selectmen of the town.

It is not necessary, that the characters and figures in the margin of an order for the payment of money should be set out in an indictment for counterfeiting and forging the same.

On the trial of an indictment, if a *prima facie* case be made out against the accused, the burden of proof is not upon him to show his innocence of the charge, but remains upon the State, on the whole evidence in the case, to satisfy the jury of his guilt. An instruction, therefore, "that if it was proved, that the order came into the hands of the defendant unaltered, and came out of his hands altered, the burthen of proof was on the defendant to prove that he did not alter it," *was held* to be erroneous.

THIS case came before the Court upon the following exceptions to the ruling and directions of the Judge at the trial. WHITMAN C. J. presiding.

"This is an indictment against defendant of four counts, the first of which charges him with forging an order, as set forth in said first count, which is to be copied as part of the case. The defendant moved that the government should be called on to elect one count, and which one, to proceed upon, but Court refused the motion. It being proved or admitted that the order declared on was drawn and signed by the persons whose names were signed to it, and was originally a genuine instrument; and the evidence offered being to show, that the same had been altered in a material point, particularly by adding "teen" to the word "nine," the defendant contended, that he could not be convicted under the count, it not setting forth the alleged alteration, but declaring generally as is therein set forth. But the Court ruled otherwise, and instructed the jury, that if the instrument was originally genuine, and any alteration had been falsely and knowingly made by the defendant, he might be convicted under this count.

"The defendant also contended that it was necessary for the government to prove, that the persons whose names were on said order, purporting to be selectmen, were in fact such officers, before the instrument could be regarded as one of those named in the statute, which might be forged, and that in the absence of such proof the defendant could not be convicted. But the Court ruled otherwise.

"The Court also instructed the jury, that if it was proved that the order came into the hands of the defendant unaltered, and came out of his hands altered, the burthen of proof was on the defendant to prove that he did not alter it.

"The defendant objected, that the order, No. 139, offered, did not correspond with and prove the order named in the indictment, the sign $ being in the order before the figures specifying the amount of order and not in the indictment; but the Court ruled the variance immaterial.

"To which rulings and directions and opinions the defendant excepted," by his counsel; and the exceptions were allowed by the presiding Judge.

The following is a copy of the first count in the indictment: —

"State of Maine. Hancock ss. — At the Supreme Judicial Court of said State of Maine, begun and holden at Ellsworth within and for said county of Hancock, on the seventh Tuesday next after the fourth Tuesday of May, in the year of our Lord one thousand eight hundred and forty-five.

"The jurors for said State of Maine upon their oaths present that Hiram Flye, of Mount Desert, in said county of Hancock, yeoman, on the twenty-fifth day of February, in the year of our Lord one thousand eight hundred and forty-five, at Mount Desert aforesaid, in the county of Hancock aforesaid, did falsely make, alter, forge and counterfeit, and did cause and procure to be falsely made, altered, forged and counterfeited a certain order for the payment of money, purporting to be made and drawn by Eaton Clarke, and Isaac Somes, selectmen for the town of Mount Desert for the year of our Lord one thousand eight hundred and forty-two, upon Daniel Somes the treasurer of said town of Mount Desert, or his successor in said office, for the sum of nineteen dollars and thirty-six cents, and also purporting to be payable to one Moses Hale, or his order, which said false, forged, altered and counterfeit order is of the purport and effect following, to wit: —

"No. 124.                    Mt. Desert, January 31, 1843.

"To Daniel Somes, town treasurer, or his successor in said office. Pay to Moses Hale, or his order, nineteen dollars and thirty-six cents, being for school books.

"$19,36,              "Eaton Clarke, ⎱    Selectmen of
                      "Isaac Somes, ⎰ Mt. Desert for 1842,"

with intent to defraud; against the peace of said State of Maine and contrary to the form of the statute in such case made and provided."

Kent and Herbert, for Flye, contended, that the Judge erred in refusing to direct the counsel for the State to select one count in the indictment, and proceed to trial upon that only.

State v. Flye.

20 Pick. 362; 1 Stark. Cr. Ev. 239, 245; Archbold's Cr. Pl. 39, 245.

The genuine instrument should have been set out in the indictment, and the alleged alteration, in order that the Court should see that the alteration was material. The instruction that he could be convicted on such indictment was erroneous.

It was necessary to prove, that the persons whose names were upon the order as selectmen, were in fact such. Unless there was authority in the persons drawing the order to draw it, it would be a nullity, and the alteration of it would not be forgery. 2 Russ. on Cr. 470 and note, and subsequent pages; Ryan, & M. Cr. Cas. 231.

The instruction of the presiding Judge on the subject of the burthen of proof was erroneous. Every one is to be presumed to be innocent, until he is proved to be guilty. The presumption of innocence attends the accused throughout the whole trial, and the burthen of proof continues upon the prosecuting officer. The instruction of the Court deprived the accused of the benefit of this presumption. 12 Peters, 460; Rosc. Cr. Ev. 13; 1 Greenl. Ev. § 34, 35; 19 Maine R. 401; 24 Pick. 373; 2 Metc. 329; 13 Pick. 77; 17 Mass. R. 188; 1 Metc. 221; 10 Pick. 378; 1 Mass. R. 53.

They also insisted, that the objection, that there was a variance between the statement of the order in the indictment and the proof, was tenable. Com. v. Stevens, 1 Mass. R. 203.

Moor, Att'y General, for the State, said that several counts in an indictment, for the same offence, were admissible, and the accused may be rightly put on trial upon such indictment. The Court cannot interfere in such case. But if the Court has power to require such selection to be made, it is a mere discretionary power; and the refusal to exercise it, is not the subject of exception. 1 Ch. Cr. L. 253; 8 Wend. 211; 2 East's P. C. 935.

The alteration of the order makes it a different instrument, and it was rightly set forth in the indictment as a forged order. Rev. St. c. 136, § 51; 3 Chitty's Cr. L. 1038; 2 Russ. on Cr. 379.

The indictment does not allege, that the drawers of the order were selectmen, but merely that they purported to be such on the order. If they were not selectmen, and did not bind the town, they were personally liable, and it was a valid instrument.

The instruction was merely, that, on that particular point, if the jury were satisfied, that one fact was proved, they were at liberty to consider it to be so, unless the accused accounted for this conduct satisfactorily. The instruction was, that the general burthen of proof was on the prosecuting officer, to prove that the accused was guilty, and enough appears in the exceptions to show that such was the fact. 1 Greenl. Ev. $ 72; Rosc. Cr. Ev. 73, 396.

There was no variance. The omission was wholly immaterial. 1 Mass. R. 62 and 203.

The opinion of the Court, SHEPLEY J. taking no part in the decision, having been employed in holding the Court at Machias at the time of the argument, was drawn up by

TENNEY J. — The Court declined to direct the prosecuting officer to elect upon which of the four counts in the indictment he would proceed. In point of law it is no objection that two or more offences of the same nature, and upon which the same or a similar judgment may be given, are contained in different counts in the same indictment; the Court may, in the exercise of a discretion, compel the prosecutor to elect on which charge he will proceed. It is usual to charge a felony in different ways in several counts, with a view to meet the evidence, as it may turn out on the trial; and if the different counts are inserted in good faith, for the purpose of meeting a single charge, the Court will not ever compel the prosecutor to elect. 8 Wend. 211.

Another ground of exception is, that the indictment being for forgery of an order, and the proof being for an alteration merely, a conviction could not legally take place. The definition of forgery at common law is, " the fraudulent making or alteration of a writing to the prejudice of another man's rights."

4 Bl. Com. 247. By Rev. Stat. chap. 157, entitled "of forgery and counterfeiting," any person is to be punished in the mode provided, who with intent to defraud, shall falsely make, alter, forge or counterfeit any instrument in writing, being or purporting to be the act of another, by which any pecuniary demand or obligation, or any right or interest in or to any property whatever shall be, or purport to be created, increased, transferred, conveyed, discharged or diminished.

The counsel for the defendant, contended, that it was necessary for the government to prove that the persons whose names were signed to said order as selectmen, were in fact such officers; but the Court ruled otherwise. On an indictment for the forgery of an order, it is necessary that the order should import, that the persons in whose names it was made have a disposing power over the subject of the order, or that it should be proved, that the persons in whose name it was made had such power. *Rex* v. *Baker*, Ry. & Mood. C. C. 231. The order in question purports to be drawn by persons acting in the character of selectmen, and is for school books. Selectmen of towns in certain cases have the power to furnish such books at the expense of the town. Rev. St. c. 17, § 11.

It is unnecessary that the characters and figures on the margin of the order should be set out in the indictment, as the defendant's counsel contended. This is settled in *Commonwealth* v. *Bailey*, 1 Mass. R. 62, and in same v. *Stevens*, Ib. 203.

The exceptions taken to the *rulings* of the Judge, which have been examined, cannot be sustained. But the *instruction* to the jury, which the counsel for the defence contend with more confidence was erroneous, deserves further consideration. The jury were instructed, "that if it was proved, that the order came into the hands of the defendant, unaltered, and came out of his hands altered, the burthen was on the defendant to prove that he did not alter it." The prosecuting party is bound to make out his case; in civil proceedings to the satisfaction of the jury, and in criminal, beyond a reasonable doubt. The burthen of proof does not shift from the

party upon whom it was originally thrown upon the production of evidence by him, sufficient to make out a *prima facie* case. But when the other party relies upon facts to establish another and a distinct proposition, without attempting to impugn the truth of the evidence against him, it is otherwise. If the result of the case depends upon the establishment of the proposition of the one, on whom the burthen was first cast, the burthen remains with him throughout, though the weight of evidence may have shifted from one side to the other, according as each may have adduced fresh proof. *Powers* v. *Russel*, 13 Pick. 69.

There is a wide distinction between the requirement in a criminal prosecution, that the accused shall prove his innocence, when a presumption is raised, against him, and the necessity of his explaining in some degree the facts on which that presumption rests. In *Commonwealth* v. *Dana*, 2 Metc. 329, which was an indictment against the defendant for having unlawfully in his hands certain lottery tickets, with the intention of offering the same for sale, the jury were instructed, that " if from the whole evidence on the part of the Commonwealth, they were led to the belief, that the defendant did sell and deal in lottery tickets, and had them in his possession for that purpose, as charged in the indictment, they would be authorised to find him guilty ; unless he had succeeded on his part, as it had become his duty to do, to explain those facts and circumstances consistently with his innocence of that unlawful intention." The whole Court say, " the remark, that it was the duty of the defendant to explain those facts and circumstances against him consistently with his innocence, meant no more than that he ought to do so ; but if he failed, they were not to find a verdict against him, unless on the whole evidence they believed him guilty. If they doubted, they were to acquit him. Not unlike the principle of the case just referred to, is that of the case of *The People* v. *Bodine*, 1 Denio, 281. The instruction to the jury was, " that if the testimony on the part of the prosecution, had shown that the prisoner might have been at the scene of the fire, the *onus*

was cast upon her to get rid of that suspicion, which thus attached to her, or to show where she was at the time." But the Court said, that the mere fact, that the prisoner *might* have been present, was no cause of suspicion, because hundreds of others might have been present living near, and the position was held too narrow. But the Court go on to say, that if there were other facts in the case connected with the crime, that the prisoner was in such a situation at the time of the fire that she might have been actually present, furnished very cogent grounds for suspicion against her; and in such a state of facts, the instruction would not have been wrong. But even under such evidence as was supposed might have been adduced, and not reported in the bill of exceptions, it does not appear, that she would have been required to show herself innocent of the charge against her; but that it might be presumed, that she was able to show that she was at another place, if such was the fact; and by omitting this, the circumstance, which was calculated to awaken suspicion, remained unexplained.

In *Commonwealth* v. *Kimball*, 24 Pick. 373, the Judge instructed the jury, that " when the government had made out a *prima facie* case, it is then incumbent on the defendant to restore himself to that presumption of innocence, in which he was at the commencement of the trial." The Court say, " making out a *prima facie* case, does not necessarily or usually change the burthen of proof." " The presumption of innocence remains in aid of any other proof offered by the defendant to rebut the prosecutor's *prima facie* case." " The Court are of the opinion, that the jury should have been instructed, that the burthen of proof was upon the Commonwealth to prove the guilt of the defendant, that he was to be presumed innocent unless the whole evidence in the case satisfied them that he was guilty."

On an indictment for larceny, proof that the stolen goods were found upon the prisoner, is presumptive evidence against him, so as to call upon him for his defence, and may be sufficient to convict him, if no facts appear in evidence to repel

that presumption. When a horse is stolen and is found in the possession of a man, so soon after the theft, that he must have come directly from the place, where he was missed, this raises a violent presumption, that he was the taker, and a jury would be authorized to infer his guilt, from these facts. But any circumstances inducing a probability, that the prisoner may have gotten the horse honestly, will render it improper, for a jury to convict. 1 Phil. Ev. 129, 130, and note (a). In accordance with the same principle is the doctrine of the case of *State* v. *Merrick*, 19 Maine R. 398, which was, that the guilt of larceny being presumed from the possession of the stolen property by the accused, soon after the theft, the evidence adduced by him may fall far short of showing that he did not steal the property, and yet create a reasonable doubt of his guilt in the minds of the jury, which will require his acquittal.

In the case at bar, the forgery attempted to be proved, was the alteration of a town order, from "*Nine*" to "*Nineteen*" dollars, drawn in favor of Hale, and delivered to the defendant. The defendant denied that he had committed the crime alleged. The prosecuting officer was bound to prove the alteration; and that the defendant falsely made it; these were the propositions both of which it was necessary to make out, beyond a reasonable doubt, or the defendant was entitled to a verdict of acquittal. To prove, is to establish, or ascertain, as truth, reality or fact by testimony or other evidence. Proof that the order came to the hands of the defendant unaltered and came out of his hands altered, unexplained, might raise the presumption, that he made the alteration and make out a *prima facie* case for the State; and it might be very difficult to rebut or control such presumption. But this evidence was only presumptive, and not conclusive; the burthen was still upon the government as before, which the prosecuting officer does not controvert; the jury are bound to acquit, unless from all the evidence, every reasonable doubt was removed. By the instruction, the fact of the alteration between the time, when the order came into the defendant's hands, and when it

State *v.* Flye.

came out, threw a burthen on to the defendant. What was that burthen ? It was not merely to give such an explanation as would raise a reasonable doubt of his guilt, or even to render it probable, that he did not alter it; but to establish as a fact, a truth, a reality by evidence, that he did not do it. Proof that another had the means, and the inducement to make the alteration, would not prove, though it might in the opinion of the jury render it probable, that the defendant did not do it; but this would not meet the requirement, as the jury probably understood it.

*Exceptions sustained.*