## STATE *versus* BONNEY.

An indictment for forgery, or counterfeiting, or for having counterfeit bills in possession, should set forth the forged or counterfeit instruments by fac simile or copy, whenever practicable.

In such cases, the indictment must, in itself, *purport* to set forth the *tenor* of the instruments. It is not sufficient to set them forth according to their *purport and effect.*

ON EXCEPTIONS from the District Court, RICE, J.

INDICTMENT for having in possession a counterfeit bank bill, knowing the same to be counterfeit, and intending to pass it, whereby to defraud the bank.

The indictment does not purport to set forth the bill according to its *tenor*, or in its words and figures, but according to its *purport and effect.*

The Judge refused to give instructions to the jury as the defendant had requested, and to that refusal the defendant excepted. He then gave to the jury certain instructions to which also the defendant excepted.

The verdict was against the defendant, and he thereupon moved an arrest of judgment, for the reason, that " the indictment does not profess to set out the bank bill alleged to be counterfeit, in the words and figures thereof, or according to its tenor, but only according to its purport and effect."

*Paine* and *Baker*, for the defendant.

*Vose, County Att'y*, for the State.

HOWARD, J. — In indictments for forgery, the instruments alleged to be forged should be set forth in words and figures, whenever it is practicable. But, if in possession of the prisoner, or if they be lost, or destroyed, or not attainable by the government, and it be so stated in the indictment, this may constitute a sufficient reason for not setting out exact copies. 2 East, P. C. 975, c. 19, § 53, 54; 1 Chit. Cr. Law, 234 ; 2 Russell on Crimes, 359 ; *Commonwealth* v. *Houghton,* 8 Mass. 107 ; *People* v. *Kingsley,* 2 Cowen, 522. The same principles are applicable to indictments upon statutes, for having in possession counterfeit bank bills, notes, public securities, &c. with intent to pass them, with a design to defraud. R. S. c. 157, § 5, 6, 7, &c.

The instrument should be set forth in the indictment according to its *tenor*, and not according to its *purport and effect.* By the former mode an exact copy is intended, but by the latter, the import or substance only is indicated. *Queen* v. *Drake,* 3 Salk. 225; *Rex* v. *Beare,* 1 Ld. Raym. 414 ; *Wright* v. *Clements,* 3 B. & Ald. 503 ; 3 Chitty's Criminal Law, 801, 802, (*1041 ;) *Commonwealth* v. *Wright,* 1 Cush. 46.

It has been the general practice in this State and in Massa-

chusetts, for many years before, and since the separation of these States, to adopt the forms of indictments used and furnished by the late Solicitor General, Davis. His precedents are generally improvements upon the English forms, less cumbrous and more convenient, but all of them are not wholly unobjectionable. His forms of indictments for forgery, and such as are designed and required to contain an exact copy of an instrument in writing, are generally drawn so as to purport to contain only the import of the document ; and he states it to be most proper, and equally valid, and more advisable, to allege the purport and effect, rather than the tenor of the instrument. Davis's Precedents, Nos. 152, 170, and notes. Indictments thus drawn, are essentially defective, in not purporting to contain a transcript or fac simile of the instrument, and in not informing the Court or the prisoner, of the actual charge intended to be made, and are bad at common law ; for by that law every indictment should contain the particular matter, wherein the offence was committed. 2 H. H. 182 ; 2 Leach, 808.

It will be found, that in the earlier practice of Mr. Davis, as Solicitor General, indictments of the description referred to, were not drawn in conformity with the rules and precedents subsequently adopted by him. *Commonwealth* v. *Stow*, 1 Mass. 54 ; *Same* v. *Bailey*, 1 Mass. 62 ; *Same* v. *Stevens*, 1 Mass. 204. The change in this respect cannot, in our opinion, be supported upon principle or authority. We do not feel called upon to sanction loose forms and an erroneous practice, now that an objection is taken, and the matter distinctly presented for consideration.

It does not become material to consider the exceptions.

SHEPLEY, C. J., TENNEY and APPLETON, J. J. concurred.

*Motion sustained and judgment arrested.*