State *v.* McKenzie.

STATE *versus* McKENZIE.

The allegations of an indictment, framed on a penal statute, must charge all the elements of the offence, so as to bring the case of the accused precisely within that described in the statute.

An indictment under the R. S. of 1840, c. 157, § 5, charged the defendant with having " in his custody and possession, at the same time, ten *similar* false, forged and counterfeit bank bills," &c. — *Held*, that the allegation was insufficient.

The word " similar," so used in the indictment, is not equivalent to the language of the statute, " in the similitude of," and cannot be substituted for it.

The word " similitude" was designed to be used in the statute as synonymous with " forged" or " counterfeit."

Counterfeit bills upon a bank, alleged in an indictment to be " in the similitude of the bank bills" of a certain bank, must have the external appearance of those issued by the bank named, in order to come within the statute.

A paper containing all the words and figures upon a genuine bank bill, but having no other resemblance or likeness to it, cannot be said to be in the similitude of the latter, within the meaning of the statute.

ON EXCEPTIONS from *Nisi Prius*, HOWARD, J., presiding.

INDICTMENT, under R. S., c. 157, § 5. The verdict was guilty. The prisoner, by his counsel, after verdict and before sentence, moved for arrest of judgment, for various alleged insufficiencies of the indictment. The motion of the defendant was overruled by the presiding Judge, and he excepted. The indictment charged the defendant with having in his " custody and possession at the same time, ten *similar* false, forged and counterfeit bank bills," &c. The defendant, among other objections, excepted to the sufficiency of that allegation,

contending that the language of the statute, "in the simili-tude of," should have been employed, and that the words of the indictment were not equivalent thereto.

*H. P. Deane,* for State.

*E. Gerry,* for defendant.

There should have been an averment in the indictment, that the bills described therein "were in the similitude of the bank bills or notes." R. S., c. 157, § 5 ; 1 Chitty's Crim. Law, 281, 282, 283 ; *State* v. *Brown,* 4 Porter, 410 ; *Hamilton* v. *Commonwealth,* 3 Pa. 142 ; *State* v. *Cassidas,* 1 Nott & McCord, 91.

The averment should be in the language of the statute creating the offence. *State* v. *Bangbee,* 3 Blackf. 308 ; *U. S.* v. *Lancaster,* 2 McLean, 431 ; *Whiting* v. *State,* 14 Conn. 437.

TENNEY, J. — It was the design of the grand jury, to charge the defendant with an offence described in R. S., c. 157, § 5, which provides, "If any person shall have in his possession at one time, ten or more bank bills or notes, in the similitude of the bank bills or notes, payable to the bearer or to the order of any person, issued or purporting to have been issued by any bank or banking company, &c., with intent to utter and pass, &c., such bank bills or notes, as true or false, knowing the same to be forged or counterfeit, he shall be punished by imprisonment in the state prison for life, or any term of years."

This indictment charges the defendant with having in his custody and possession, at the same time, ten *similar* false, forged and counterfeit bank bills, purporting to be ten bank bills, each payable to the bearer thereof, and to be signed by the president and cashier of the Merchants' Bank, &c. ; and the words and figures of each purport to be copied in the indictment ; but it is not alleged that they are in the similitude of the bank bills or notes, issued or purporting to have been issued, by the bank named.

It is a general rule, that all indictments upon statutes, especially the most penal, must state all the circumstances

which constitute the definition of the offence in the Act, so as to bring the defendant precisely within it. 1 Chitty's Criminal Law, 281.

The word "similitude" is derived from the Latin *similitudo*, which is translated, "similitude, likeness, resemblance." It is manifest from the same section in the statute, that the word "similitude" was designed to be used as synonymous with the words "forged" or "counterfeit." The meaning given to the word "to forge," is "to make in the likeness of something else;" and "to counterfeit" is "to make in imitation of something else, with a view to defraud, by passing the false copy for genuine or original." Webs. Dict.

The bills should have the external appearance of those issued by the bank named, in order to come within the meaning of the statute. *Commonwealth* v. *Smith*, 7 Pick. 137. We cannot believe, that a paper containing all the words and figures upon a genuine bank bill, issued by a bank having a legal existence, with no other resemblance or likeness, in form or in the handwriting of the president and cashier, to the genuine bills, can be said to be in the similitude of the latter, so as to come within the meaning of the statute. These words cannot be disregarded, and their omission supplied by the word *similar*, as used in the indictment before us. On no construction can we treat the indictment as containing the allegation, that the bills described therein, are even *similar* to the genuine bills of the Merchants' Bank, much less are they represented as being in their *similitude*.

*Exceptions sustained.*

Rice, Appleton, and Goodenow, J. J., concurred.