STATE OF MAINE *vs.* WALTER C. MAHONEY.

Waldo.   Opinion October 2, 1916.

*Certainty of allegations in indictments for perjury.  Indictment for perjury. Necessity of allegation as to time and place where crime was committed.  Statutory requirements, Chapter 123, section 1, Revised Statutes.*

1.  An indictment for perjury, which set forth testimony given by the accused upon different subjects, referring to different papers and persons, some of which must have been true, without specifying the false testimony relied upon by the State with that reasonable degree of fullness, certainty and precision requisite to enable the accused to meet the exact charge against him, is bad for uncertainty.

2—Counts in an indictment for perjury containing the allegation "do further present that  .   .   .   .   of Northport, in the county of Waldo aforesaid, on the 7th day of January, A. D. 1915, appeared as a witness in a proceeding  .   .   .   then and there being heard before a tribunal of competent jurisdiction, and committed the crime of perjury by testifying as follows," were defective, as not containing any allegation of the place

where the offense was committed, the words "then and there" not referring to the place where the crime is alleged to have been committed, since when a single fact is alleged with time and place, the words "then and there" subsequently used as to the occurrence of another fact, as the crime, refer to the same point of time and necessarily import that the two were coexistent.

Indictment for perjury. Respondent filed demurrer. Demurrer overruled by presiding Justice. Respondent filed exceptions. Exceptions sustained. Demurrer sustained. Indictment quashed.

Case stated in opinion.

*Walter A. Cowan,* County Attorney, for State.

*Dunton & Morse,* for respondent.

SITTING: SAVAGE, C. J., KING, HALEY, HANSON, PHILBROOK, JJ.

HALEY, J. An indictment for perjury, before this court on respondent's exceptions to the overruling of his demurrer to the indictment; with the right to plead anew if the exceptions are overruled. There are four counts in the indictment, and the demurrer is general, and applies to them all. "In criminal pleading there is no distinction between a general and special demurrer. Sts. 27 Eliz. 5, sec. 1 and 4 and 5 Anne, ch. 16, relate to pleading in civil actions only. Formal defects in indictments and other criminal prosecutions remain proper subjects of general demurrer, as at common law. . . .

The demurrer regularly admits no other facts than those which are well pleaded; and by the common law, which does not distinguish between the offices of a demurrer assigning a special cause, and one assigning none, a demurrer of either kind confesses no other allegations, in general, than such as are sufficient, both in substance and in form. For facts insufficient in substance, cannot affect the right of the cause; and material facts if ill pleaded and demurred to, even generally are by the common law as unavailing as if they were altogether immaterial." Heards Crim. Plead., 271. "While duplicity may perhaps at the common law require a special demurrer and possibly some other imperfections may also, in most circumstances where no statute intervenes, a defect can be reached as well by general demurrer as by special, the two differ only in form." Bishop's New Crim. Procedure, sec. 777.

This indictment is for the offense of perjury, as set forth in section 1 of chapter 123 of the Revised Statutes, and it is the claim of the State that the indictment follows the form prescribed by section four of the statute. It is the claim of the respondent that the first count in the indictment is bad for uncertainty. The first count sets out two pages of testimony, alleged to be material and false, but contains no assignment of perjury in any particular part of the testimony.

"In all criminal prosecutions, the accused shall have the right . . . to demand the nature and cause of the accusation." Constitution of Maine, Art. 1, sec. 6. He has the right to insist that the facts alleged to constitute a crime shall be stated in the indictment against him with that reasonable degree of fullness, certainty and precision requisite to enable him to meet the exact charge against him, and to plead any judgment which may be rendered upon it in bar of a subsequent prosecution for the same offense." *State* v. *Doran,* 99 Maine, 330.

The question is whether the indictment sets forth the facts with sufficient particularity and certainty to inform the accused of the offense with which he is charged. Does it portray the facts which the State claims constitutes the alleged transgression so distinctly as to advise the accused of the charge which he has to meet, and to give him a fair opportunity to prepare his defense, so particularly as to enable him to avail himself of a conviction or an acquittal in the defense of another prosecution for the same offense. *Armour Packing Co.* v. *United States,* 153 Fed., 1; *State* v. *Lynch,* 88 Maine, 195.

Tested by the above rules the first count in the indictment is void for uncertainty. The testimony set forth in the first count contains many statements of fact, some of which must be true, or not susceptible of being called material, and the respondent was not informed of the specific charge he was to answer to. A brief and short examination of the matters set forth in the indictment is sufficient to demonstrate the above: "Q. I show you Defendant's Exhibit No. 6, check for $25, and ask you what it is? A. June 29th? Q. June 29. A. Well, I don't know anything about that check. I never received it. Q. You never saw that check before in your life? A. I don't seem to remember about that

check. If my name is on the back of it? Q. Did you write your name on the back of that check? A. I don't think I did. That don't look like my writing. I won't be positive, but I don't think so." Is this the false testimony with which the respondent is charged? In preparing his defense should he have witnesses to prove that that statement was true? Or was it this testimony: "Q. I show you these other checks that I have presented to you" (meaning checks marked Defendant's Exhibits Nos. 1 to 5 that had been previously shown to witness and identified by him as checks he had received from Mrs. Bragg, for which he had given her credit on the account which is attached to the writ), "and ask you if that is your writing across the back of those? A. That is there," (meaning the plaintiff's signature on the back of the five checks marked Defendant's Exhibits Nos. 1 to 5, "but it," meaning the payee's signature on the back of check marked Defendant's Exhibit No. 6, "isn't like these" (meaning the payee's signature on the back of the checks numbered 1 to 5). Is this the false testimony upon which the State relies, and to meet which the respondent should prepare his defense? Is he charged with perjury in stating that exhibits 1 to 5 bore his signature, or is it because he stated that the signature on the back of the check Defendant's Exhibit No. 6 "isn't like those," meaning exhibits 1 to 5? Does the State claim that Nos. 1 to 5 were not the respondent's signatures, and therefore his testimony was false, or does it claim that it was true, and that his testimony as to Exhibit No. 6 that the signature there didn't look like the signature upon exhibits 1 to 5, was false? Again, he was asked if it was his writing across the back of the five checks 1 to 5, and his answer was, "I think it is, yes." Is that the testimony which the State claims was false and which he must prepare his defense to meet? Again: "Q. And you say that is not your writing across the back of that one" (meaning Exhibit No. 6 Defendant), "do you? A. Well, I never received any money from Mrs. Bragg. The COURT: That is not the question. Is that your writing on the back of it?" (meaning Defendant's Exhibit No. 6) "A. No, sir; I don't think so." Is that the testimony which the State claims was false, and which the respondent must be prepared to explain? Again, "Q. Whether or not, Mr. Mahoney, you gave that check to A. G. Thorndike?" There is

nothing to show what check is referred to, but the answer is "No, sir, I didn't. I never gave a check to A. G. Thorndike in my life." Is that the false testimony of which the State complains, to meet which the respondent should prepare his defense, or was it this testimony: "Q. Never have had that check in your possession?" (There is no allegation of what check). "A. No, sir. Q. Or at any time? A. No. sir." Is that the false testimony upon which the State relies?

It is very evident that some of the testimony as set forth in the indictment was true, and, as said in *State* v. *Mace,* 76 Maine, 64, "the grand jury, upon the evidence before them, may have come to the conclusion that the statement in relation to one of these matters of fact was false, thereupon voted to indict the defendant, while the traverse jury, upon the evidence before them, may have come to the conclusion that the statement in relation to that matter was true, but that some of the statements contained in the writing was false, and thereupon convicted the defendant of perjury in swearing to the latter statement; and thus the defendant would be convicted upon a matter in relation to which he had never been indicted by the grand jury. Surely, an indictment which will permit of such a result cannot be sustained." As the first count in the indictment contains statements of testimony upon different subjects and refers to different papers and different persons, it does not set forth the alleged false testimony with that reasonable degree of fullness, certainty and precision requisite to enable the respondent to meet the exact charge against him, and is bad for uncertainty.

It is only necessary to consider one of the objections to the other three counts in the indictment. The counts each contain this allegation: "Do further present that Walter C. Mahoney of Northport, in the County of Waldo aforesaid, on the seventh day of January, A. D. 1915, appeared as a witness in a proceeding in which said Walter C. Mahoney and Annie T. Bragg were parties, then and there being heard before a tribunal of competent jurisdiction, and commit the crime of perjury by testifying as follows." The counts allege that he appeared as a witness the seventh day of January, 1915, and testified, but where, in what town, county or state? The rules of criminal pleading require that an indictment shall set forth the time and place where the crime is alleged to have been com-

mitted. In some cases it is sufficient to allege the county; and if a place is named in the indictment it is sometimes sufficient, as the court recognizes the territorial divisions of the state and takes judicial notice of the towns created by law, and evidence of the offense set forth in the indictment at any other place in the county, as the place is immaterial, unless when it is a matter of local description, if the offense is shown to have been committed in the county, it is sufficient. *State* v. *Simpson,* 91 Maine, 86; *State* v. *Jackson,* 39 Maine, 295; *State* v. *Godfred,* 12 Maine, 369-370; *State* v. *Day,* 74 Maine, 220; Bishop's New Criminal Procedure, sec. 381; *Commonwealth* v. *Cummings,* 6 Gray, 488; *State* v. *Libby,* 84 Maine, 461; *Thayer* v. *Commonwealth,* 12 Met., 9; *Commonwealth* v. *Tolliver,* 8 Gray, 386. In the form for indictments for perjury given in section 4, chapter 123, Revised Statutes, the Legislature recognized the above rule, and provided in the blank a space for the venue, or place where the crime should be alleged to have been committed. "A departure from the well settled doctrine of the necessity of certainty and precision in the allegation as to time and place in criminal pleading, would be dangerous in the extreme. However severe and unnecessarily strict these rules may sometimes appear, they have been too long established for their propriety, to be questioned, or the necessity of the reason for their establishment to be stated." *State* v. *Fenlason,* 79 Maine, 117. As neither of the other three counts in the indictment contain any allegation of place, city, town, plantation, county or state in which it is alleged that the offense was committed, by the well recognized rule of criminal pleading they are each defective.

The words in the indictment, "then and there being heard before a tribunal of competent jurisdiction," do not refer to the place where the crime is alleged to have been committed, for the rule as to the words "then and there" is that when a single fact is alleged with time and place, the words "then and there" subsequently used as to the occurrence of another fact, as the crime or a part thereof, refers to the same point of time, and necessarily import that the two were co-existent. *State* v. *Hurley,* 71 Maine, 354. The only place alleged in the three counts is in connection with the residence of the defendant, who is alleged to be "of Northport in the County of Waldo aforesaid." This is "merely descriptio personae, and

has no reference either to time or place where the substantive offense was committed." *State* v. *Jackson,* 39 Maine, 291.

*Exceptions sustained.*
*Demurrer sustained.*
*Indictment quashed.*