(No. 22427.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MICHAEL REICHERT, Plaintiff in Error.

*Opinion filed June 19, 1934.*

EUGENE C. O'REILLY, and ELMER J. TONE, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, J. ALBERT WOLL, and HENRY E. SEYFARTH, of counsel,) for the People.

Mr. CHIEF JUSTICE JONES delivered the opinion of the court:

Michael Reichert was convicted by a jury in the criminal court of Cook county of forgery. He was sentenced on the verdict and now prosecutes a writ of error.

This is the second time the cause has been in this court. On a prior occasion plaintiff in error was convicted, but

the judgment was reversed and the cause remanded for a new trial. *People* v. *Reichert,* 352 Ill. 358.

Plaintiff in error was president of the Nunbetter Seltzer Company, a corporation. In January, 1930, he procured a loan of $1000 for the corporation from Paul and Anna Tillich. In February of the same year he obtained another loan of $500 from them. The money was used by the corporation. Two notes, one for $1020 and the other for $500, were given by the corporation. They were executed by plaintiff in error as its president. Each note was payable one year after its date. The notes were not paid when due, and in February, 1931, a renewal note of $1500, payable to the order of Paul and Anna Tillich, was executed and delivered to Paul Tillich and the old notes were taken up. The renewal note was pre-dated January 18, 1931. These facts are not in dispute.

It is the claim of the prosecution that the renewal note, as it was originally made and delivered, was not signed by the corporation but was signed by Reichert and his wife as individuals; that the note was their individual obligation; that when it became due the corporation was in a failing condition; that on April 1, 1931, defendant went to the home of the payees to make a payment of $40; that he obtained possession of the note for the ostensible purpose of crediting the payment on the back; that while it was in his possession he altered it by writing the name "Nunbetter Seltzer Co." above his name, the word "By" in front of his name, the abbreviation "Pres." immediately after his name, and the word "Renewal" in the upper left-hand corner of the note, and that these alterations were made with a design to shift his personal liability to the insolvent corporation, thus intending to cheat and defraud the payees. The evidence tends to prove that he did make the alterations, and if that fact were a controlling feature in this case we would not interfere with the verdict.

The record is barren of any testimony to prove any understanding or agreement that the payees were to accept a new note signed by defendant and his wife as individuals in lieu of the two notes executed by the corporation. There is testimony showing an agreement to renew the loan by executing a new note for the aggregate sum of the two old notes, but it is quite certain that the payees did not contemplate any other change in the status of the loan and that they believed the note was the corporation's obligation. It was prepared by defendant. Tillich, who chiefly transacted the business for the payees, could neither read nor write. He requested the signature of defendant's wife, and it was obtained. Whether the omission of the name of the corporation was intentional or otherwise is a question surrounded with considerable doubt. Nevertheless, it is reasonably certain that no agreement to release the corporation was ever suggested or assented to.

On the former hearing of this case the trial court found that it was agreed between Tillich and defendant that a note signed by defendant and his wife should be substituted for the corporation note. On review this court held that there was no foundation in the evidence for such a finding. The opinion states that "an agreement to give an individual note was in this case essential to the existence of the crime charged, for in the absence of it Tillich was not entitled to have any note other than a renewal note of the corporation." As we have stated, the evidence in the last trial falls far short of proving an agreement of that character, and proof of such an agreement was just as essential on the last trial as it was on the first.

If the note was intended by the parties to be the obligation of the corporation and not of Reichert individually, a subsequent alteration to make it conform to the intention would not constitute the crime of forgery. Before he can be successfully charged with an intent to defraud it is essential to prove that fact. In order to constitute the crime

of forgery there must be a false writing or alteration of an instrument. The instrument as written must be capable of defrauding and there must be an intent to defraud. (*People* v. *Pfeiffer*, 243 Ill. 200; *Goodman* v. *People*, 228 id. 154.) The facts in this case do not show a criminal intent to defraud.

The judgment of the criminal court is therefore reversed and the cause remanded.

*Reversed and remanded.*