# SUPREME JUDICIAL COURT.

FOR THE

## COUNTY OF BRISTOL, OCTOBER TERM 1868, AT TAUNTON.

PRESENT:

Hon. REUBEN A. CHAPMAN, Chief Justice.
Hon. EBENEZER R. HOAR,⎫
Hon. HORACE GRAY, Jr.,  ⎬ Justices.
Hon. JOHN WELLS,        ⎪
Hon. JAMES D. COLT,     ⎭

---

## COMMONWEALTH vs. JOHN CARPENTER.

The provisions of the Gen. Sts. c. 87, concerning liquor nuisances were not repealed by the Sts. of 1868, cc. 141, 311.

By virtue of the St. of 1864, c. 121, § 1, in any criminal prosecution in which the legality of a sale of intoxicating liquor by the defendant under the St. of 1868, c. 141, is at issue between him and the Commonwealth, the burden is on him to prove his legal authority to make the sale.

INDICTMENT for keeping a liquor nuisance in Fall River on May 25, 1868, and divers other days between that day and September 16, 1868, when the indictment was returned by the grand jury. In the superior court, before the jury were impanelled, the defendant filed a motion to quash the indictment on the ground that the Gen. Sts. c. 87, §§ 6, 7, on which it was founded, were repealed by the Sts. of 1868, cc. 141, 311. This motion *Rockwell*, J., overruled; and on the trial permitted the Com-

monwealth to introduce, against the objection of the defendant, evidence of a sale of whiskey made on May 28, 1868, in the place kept by the defendant, and refused a request of the defendant for a ruling that the burden was on the Commonwealth to prove that the defendant was not such a person as under the St. of 1868, *c.* 141, § 1, then in force, might properly sell intoxicating liquor without a license, and ruled to the contrary. The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. C. Blaisdell,* for the defendant.

*C. Allen,* Attorney General, for the Commonwealth.

GRAY, J.[*]   1. This indictment is founded on the Gen. Sts. *c.* 87, §§ 6, 7, by which it is enacted that all buildings, places or tenements " used for the illegal keeping or sale of intoxicating liquors," or resorted to for certain other illegal purposes, shall be deemed common nuisances, and that whoever keeps or maintains such a common nuisance shall be punished. These sections do not undertake to define what sale or keeping of intoxicating liquors shall be illegal, but leave that to be ascertained from other statutes from time to time. The offence of keeping a place for such an illegal purpose, which makes it a common nuisance, is a distinct offence from that of unlawfully selling intoxicating liquors; an acquittal or conviction of either is no bar to an indictment for the other, even upon the same evidence; and the change or repeal of the statute which prohibits the one does not repeal the statute which prohibits the other. *Commonwealth* v. *Roland,* 12 Gray, 132. *Commonwealth* v. *Bubser,* 14 Gray, 83. *Commonwealth* v. *Cutler,* 9 Allen, 486. *Commonwealth* v. *O'Donnell,* 8 Allen, 549. The Sts. of 1868, *cc.* 141, 311, did not therefore repeal the statute on which this indictment is framed, or exempt the defendant from punishment for its violation.

2. The presiding judge rightly refused to rule that the Commonwealth had the burden of proving that the defendant was not such a person as under the St. of 1868, *c.* 141, § 1, might

---

[*] HOAR, J., did not sit at the argument of this and the six following cases.

properly sell intoxicating liquor without a license. The St. of 1864, *c.* 121, § 1, provides that "in all criminal prosecutions in which the defendant relies for his justification upon any license appointment or authority, he shall prove the same; and until such proof the presumption shall be that he is not authorized." The words "license, appointment or authority," in this statute must receive the same construction that has been constantly given to them in indictments, and be held to include the right to sell in any mode permitted or not prohibited by law. *Commonwealth* v. *Lafontaine*, 3 Gray, 479. *Commonwealth* v. *Conant*, 6 Gray, 482. *Commonwealth* v. *Clark*, 14 Gray, 367. *Commonwealth* v. *Dunn*, Ib. 401. Section 10 of the Gen. Sts. *c.* 172, under which the case of *Commonwealth* v. *Livermore*, 2 Allen, 292, was decided, and which was repealed by the St. of 1864, *c.* 121, § 2, was in terms limited to cases of "written license, appointment or certificate of authority."

*Exceptions overruled.**

<hr>

* Similar decisions were rendered in the cases of COMMONWEALTH v LAWLER, at September term 1869 for Hampden, and COMMONWEALTH v COTTER, at October term 1869 for Worcester.