## COMMONWEALTH *vs.* JOHN DOWDICAN'S BAIL.

Suffolk. March 3, 1874. WELLS & ENDICOTT, JJ., absent.
March 31. — May 19, 1874. AMES & DEVENS, JJ., absent.

If trial by jury is waived, the case cannot be reported by the Superior Court to this court under the Gen. Sts. *c.* 115, § 6, or the St. of 1869, *c.* 438.

An order, that an indictment be laid on file, is not equivalent to a final judgment, or to a *nolle prosequi,* or discontinuance.

An order laying an indictment on file, on the payment of costs, does not entitle the defendant to be finally discharged.

When an indictment is laid on file, and the judge making the order indorses thereon that a certain statute has been repealed, and it appears that the case is not brought under said statute, the indictment may be brought forward and proceedings had upon it.

On an indictment for an assault and battery, an acknowledgment of satisfaction by the party injured does not entitle the defendant to be discharged under the Gen. Sts. *c.* 171, § 28.

When an indictment has been laid on file, the Superior Court has authority to take up the case and order a new recognizance.

When a defendant is called and does not appear, the court is not required to decide in his absence a motion in arrest of judgment.

A default of a defendant is a breach of a recognizance given by him, and fixes the liability of his bail.

CONTRACT on four recognizances against Charles A. Peterson and William Child, bail of John Dowdican. The questions of law presented in each case being similar, they are reported together. Trial in the Superior Court, without a jury, before *Putnam,* J., on agreed facts in substance as follows :

The original action in which the first recognizance was given, was a complaint against John Dowdican, for maintaining a liquor nuisance. In this case, the following order was made April 24, 1868 : " Chapter 86 of General Statutes having been repealed, this case is now laid on file." The case was accordingly laid on file at that date without costs. The complaint in this case was not under the Gen. Sts. *c.* 86, but under *c.* 87, which has never been repealed.

The original action in which the second recognizance was given, was an indictment against said Dowdican, for being a common seller of intoxicating liquor. This case was laid on file June 5, 1867, and the costs were paid.

The original action in which the third recognizance was given, was an indictment against said Dowdican, for maintaining a liquor

nuisance. This also was laid on file June 5, 1867, and the costs were paid.

In the orders laying the second and third cases on file, *Vose*, J., certified that he was satisfied of the truth of the defendant's affidavit, that the times covered by the indictments in said third and fourth cases had been also covered by another indictment on which the defendant had been found guilty and sentenced.

The proceeding in which the fourth recognizance was given, was an indictment for assault and battery. In April, 1868, the party injured filed an acknowledgment of satisfaction for all damages, and the costs were paid January 20, 1869; and in March, 1869, the case was laid on file.

An indictment was found at January term, 1873, against said Dowdican, for unlawfully receiving stolen goods, upon which he was found guilty.

At April term, 1873, each of the first four cases was brought forward by order of the court on motion of the district attorney, and the defendant ordered to enter into a recognizance, and failing to do so was committed.

On May 12, 1873, Dowdican, and the said Peterson and Child, appeared in the Superior Court, and recognized in each of said four suits, the former as principal, and the two latter as sureties. It further appeared that at April term, 1873, Dowdican's attorney had filed a motion in arrest of judgment, which had not been passed upon, and that on May 28, 1873, said attorney being in court, demanded a decision upon said motion, but none was given. The district attorney thereupon requested the presence of the defendant in court for the purpose of moving for sentence; and the defendant was ordered to be called, and not appearing was defaulted.

On these facts the presiding judge, at the request of the parties, reported the case to this court.

*C. R. Train*, Attorney General, for the Commonwealth.

*G. W. Searle*, for the defendants.

GRAY, C. J. The questions of law presented by the record in this action are not properly before us. The Superior Court has been authorized by the legislature to send up questions of law to this court in the form of a report, only in cases in which a verdict has been, or, if the trial should be completed, would be, rendered

When the case is submitted to the Superior Court on a waiver of a jury trial, on the award of an arbitrator, or on an agreed statement of facts, that court is required to hear and determine it; and the jurisdiction of this court is purely appellate, after a decision below, and not advisory, by way of instructions to that court in advance how to perform the duty which the law has imposed upon it. Gen. Sts. *c.* 114, § 10; *c.* 115, §§ 6, 7. St. 1869, *c.* 438. *Lincoln* v. *Parsons*, 1 Allen, 388. *Bearce* v. *Bowker, ante,* 129. *Hogan* v. *Ward, ante,* 130 note.

In some cases in the books, this rule, not having been insisted on by either party, has been overlooked by the court. But the number of cases irregularly transmitted to this court without any decision below has lately increased so much, to the serious embarrassment of the performance of the appropriate duties of this court as a court of error, as to demand a strict and vigilant adherence to the statutes by which the jurisdiction of both courts is defined. *Report dismissed.*

The case being submitted to the Superior Court on the above facts, *Putnam,* J., ordered judgment for the Commonwealth, and the defendants appealed.

*G. W. Searle,* for the defendants, contended that the effect of an order to lay an indictment on file was the same as a sentence, final judgment, or *nolle prosequi ;* that the circumstances that the orders, laying the three last indictments on file, also ordered the payment of costs, necessarily ended the case ; and that under the Gen. Sts. *c.* 171, § 28, where the party injured filed an acknowledgment of satisfaction, an order that upon payment of costs the indictment be laid on file, was equivalent to an order that all further proceedings be stayed, and the defendant discharged from the indictment ; that the entry by the judge, "Chapter 86 of General Statutes having been repealed, this case 's now laid on file," was conclusive on the Commonwealth as to the case having been brought under said chapter, and that the certificate of *Vose,* J., was a finding, that the prisoner had already suffered sentence for the same offences charged in said second and third indictments, and that the order to lay on file was a final order and decree which could not be altered after the end of the term in which it was made ; and to this last point cited *Commonwealth* v.

*Weymouth*, 2 Allen, 144 ; *Jobe* v. *The State*, 28 Ga. 235 ; *Van Dyke* v. *The State*, 22 Ala. 57 ; *Brush* v. *Robbins*, 3 McLean, 486 · *Rex* v. *Fletcher*, Russ. & Ry. 58 ; *The People* v. *Duffy*, 5 Barb. 205 ; *Rex* v. *Hunter*, 1 Wils. 163.

C. R. *Train*, Attorney General, ( *W. G. Colburn*, Assistant Attorney General, with him,) for the Commonwealth.

GRAY, C. J. It has long been a common practice in this Commonwealth, after verdict of guilty in a criminal case, when the court is satisfied that, by reason of extenuating circumstances, or of the pendency of a question of law in a like case before a higher court, or other sufficient cause, public justice does not require an immediate sentence, to order, with the consent of the defendant and of the attorney for the Commonwealth, and upon such terms as the court in its discretion may impose, that the indictment be laid on file ; and this practice has been recognized by statute. Sts. 1865, c. 223; 1869, c. 415, § 60. Such an order is not equivalent to a final judgment, or to a *nolle prosequi* or discontinuance, by which the case is put out of court ; but is a mere suspending of active proceedings in the case, which dispenses with the necessity of entering formal continuances upon the dockets, and leaves it within the power of the court at any time, upon the motion of either party, to bring the case forward and pass any lawful order or judgment therein. Neither the order laying the indictment on file, nor the payment of costs, therefore, in any of the four cases, entitled the defendant to be finally discharged.

The erroneous reason assigned for that order in the first case had no greater effect. The indictment was founded on c. 87 of the Gen. Sts., which has never been repealed. *Commonwealth* v. *Carpenter*, 100 Mass. 204. *Commonwealth* v. *Bennett*, 108 Mass. 30.

In the case of the indictment for an assault, the acknowledgment of satisfaction by the party injured did not entitle the defendant to be discharged. The provision of the Gen. Sts. c. 171, § 28, is that "the court may, on payment of the costs accrued, order all further proceedings to be stayed, and discharge the defendant from the indictment." It is within the discretion of the court, and not within the power of any private person, to determine whether it is consistent with the ends of justice to suspend or terminate the prosecution.

All the cases being still pending, the Superior Court was authorized to bring them forward and order new recognizances. The new recognizances were therefore lawfully taken. *Basset* v. *United States*, 9 Wallace, 38.

The principal defendant not having appeared when called in each case, but having been defaulted, the court was not required to decide in his absence the questions raised by the motions in arrest of judgment. *Commonwealth* v. *Andrews*, 97 Mass. 543. *Anon.* 31 Maine, 592. The default was a breach of the recognizances, and fixed the liability of the bail.

*Judgments for the Commonwealth.*