WARREN TUTTLE, Petitioner for Habeas Corpus,

*vs.*

.ALFRED H. LANG, Sheriff.

Somerset.   Opinion March 31, 1905.

*Skowhegan Municipal Court.   Suspension of Mittimus.   Jurisdiction.   Habeas Corpus.   Special Laws, 1901, c. 485.   Stat. 1903, c. 171, R. S., c. 133, § 17.*

A discharge on a petition for habeas corpus will not be granted for technical or unimportant errors in a criminal process or proceedings ; but it will be granted where the detention is under process issued by a court or magistrate without authority or in excess of its jurisdiction.

The issuance of a mittimus is a ministerial and not judicial act, a sequence of the sentence necessarily following it, and not subject to control by a magistrate, except in case of appeal.   In courts of general jurisdiction it is issued by the clerk, without action or direction by the court, but a magistrate having no clerk must do it personally.

The statute allows an appeal from a judgment of a magistrate or Municipal Court, to be taken within twenty-four hours thereafter.   If not taken before the close of the session, the mittimus should issue, and the convict be placed in jail ; but in such case, if an appeal is duly taken within twenty-four hours, the magistrate must necessarily recall the mittimus to allow the appeal to be perfected.

The ordinary mittimus directs the officer to commit the convict then in custody, to the jail or prison according to the sentence.   It contains no order to arrest, and does not authorize an arrest of one at large, and not an escaped prisoner.   The sentence takes effect and is in force the day it is pronounced, and if the magistrate voluntarily discharges the convict from that custody without day, he cannot be afterwards taken in execution ; certainly not after the time named for his imprisonment has elapsed.

A permanent court of general jurisdiction, having stated terms for the trial of criminal cases, may, for good cause, place an indictment on file, or continue the case to a subsequent term for sentence.   In such case jurisdiction

of the person and cause is retained. But after sentence and adjournment of the term, or the end of the session, if before a magistrate, all jurisdiction of the cause and the person has ceased.

If after conviction and sentence any court, whether of general or limited jurisdiction, permits the convict to go at large without day, it can never thereafter issue a mittimus for his commitment. In such case, having completed its judicial functions, it has voluntarily surrendered all further control over the case and person.

The Municipal Court of Skowhegan has regular terms for civil business, but none for criminal. In the class of offenses charged against the petitioner that court has the same jurisdiction as trial justices, and no more. In criminal cases it is always open. Upon a criminal charge within its jurisdiction, if upon trial the respondent is found guilty, or if he plead guilty, it becomes the duty of the Judge at that session to impose sentence. When that is done, the cause is determined, the Judge's duty is at an end, and nothing remains but to carry the judgment into effect. If to do this, a commitment is necessary, he should issue a mittimus at or before the end of the session at which the conviction was had, to convey the prisoner then present in custody to jail.

The fact that the petitioner assented to the suspension of the mittimus is immaterial. He could not thereby change or enlarge the jurisdiction or power of the Municipal Court.

Habeas Corpus is the proper remedy, when the process upon which a convict is held, was issued by a court having no jurisdiction of the case or person at the time of its issue.

On exceptions by petitioner. Sustained. Petitioner discharged.

Petition for habeas corpus. The material facts, as found by the Justice of the first instance, are stated in the opinion.

*E. N. Merrill*, for petitioner.

*Geo. W. Gower*, County Attorney, for defendant.

Sitting: Wiswell, C. J., Whitehouse, Strout, Savage, Powers, JJ.

Strout, J. The Justice who heard the cause in the first instance, found the following facts:

November 20, 1902, the petitioner was arrested and brought before the Skowhegan Municipal Court, charged with the offense of the unlawful sale of intoxicating liquors. Before pleading to the complaint the petitioner, the prosecuting complainant and the Judge came to an agreement by which the petitioner should plead guilty and be

sentenced to fine, costs and imprisonment, but that no mittimus ·in execution of the sentence should issue until the petitioner ·should again be guilty of unlawfully selling intoxicating liquors. The peti-tioner thereupon pleaded guilty, sentence of fine, costs and imprison-ment was imposed, a memorandum of the agreement was noted on the Judge's docket, and the petitioner was released from arrest and allowed to go without day, without payment of fine and costs, and without imprisonment. No mittimus or other precept in execution of the sentence was issued, or even prepared.

In October, 1904, nearly two years afterward, the Judge, being of the opinion that the petitioner was again unlawfully selling intoxicat-ing liquors, but without giving him any hearing on the question, made out a mittimus on the old sentence of November 20, 1902, and delivered it to the Sheriff who took the petitioner into custody and committed him to jail in execution of that sentence. The petitioner thereupon sued out this writ of habeas corpus and asks for his dis-charge from that imprisonment.

For the purpose of bringing the cause before the Law Court, the sitting Justice ruled, as matter of law, that the petitioner was not entitled to be discharged. The case is here upon exception to that ruling.

A discharge will not be granted for technical or unimportant errors in the process or proceedings; but it will be granted where the deten-tion is under process issued by a court or magistrate, without author-ity or in excess of its jurisdiction. *Fisher* v. *McGirr*, 1 Gray, 45.

The Municipal Court of Skowhegan has regular terms for civil business, but none for criminal, c. 485, special laws of 1901. In the class of offenses charged against the petitioner that court has the same jurisdiction as trial justices, and no more. In criminal cases it is always open. Upon a criminal charge within its jurisdiction, if upon trial the respondent is found guilty, or if he plead guilty, it becomes the duty of the Judge at that session to impose sentence. When that is done, the cause is determined, the Judge's judicial duty is at an end, and nothing remains but to carry the judgment into effect. If to do this, a commitment is necessary, he should issue a mittimus at or before the end of the session at which the conviction was had, to

convey the prisoner then present in custody to jail. The issuance of a mittimus is a ministerial and not judicial act, a sequence of the sentence necessarily following it, and not subject to control by a magistrate, except in case of appeal as hereinafter stated. In courts of general jurisdiction it is issued by the Clerk, without action or direction by the Court, but a magistrate having no clerk must do it personally. *Fisher* v. *Deans*, 107 Mass. 118. *Doggett* v. *Cook*, 11 Cush. 262.

There is no doubt that a permanent court of general jurisdiction, having stated terms for the trial of criminal cases, may, for good cause, place an indictment on file, or continue the case to a subsequent term for sentence. In such case jurisdiction of the person and cause is retained. But after sentence and the adjournment of the term, or the end of the session, if before a magistrate, all jurisdiction of the cause and the person has ceased. *Com.* v. *Dowdican's Bail*, 115 Mass. 136. *People* v. *Court of Sessions*, 141 N. Y. 288.

.We are not called upon to decide whether the Skowhegan Municipal Court or a trial justice has authority after conviction, to continue for sentence. It is very doubtful if such authority exists. The statute in force when Tuttle was convicted, provided that "if the offense is within the jurisdiction of the magistrate, he shall try it and award sentence thereon." A continuance for sentence cannot be for an indefinite time, but should be to a subsequent term. This municipal court has no stated terms for criminal causes. As to these it is a temporary court for each case, exercising limited jurisdiction by prescribed methods. It has no jurisdiction to suspend and revive at its will a case before it. *Com.* v. *Maloney*, 145 Mass. 211.

The statute allows an appeal from a judgment of a magistrate or municipal court, to be taken within twenty-four hours thereafter. If not taken before the close of the session, the mittimus should issue, and the convict be placed in jail; but in such case, if an appeal is duly taken within the twenty-four hours, the magistrate must necessarily recall the mittimus to allow the appeal to be perfected. To put this beyond question, and resolve all doubts, the Legislature, c. 171, of the laws of 1903, now R. S., c. 133, § 17, provided that in all criminal cases before a magistrate, upon conviction and sentence,

if an "appeal is not taken before the adjournment of the session of court at which such sentence is imposed, mittimus shall issue and the respondent shall be committed thereon, under such sentence." Then follows a provision that if after conviction an appeal is duly claimed, the mittimus may be superseded, and the appeal allowed and perfected. This enactment crystalized into a statute the already existing law.

If after conviction and sentence any court, whether of general or limited jurisdiction, permits the convict to go at large without day, it can never thereafter issue a mittimus for his commitment. In such case, having completed its judicial functions, it has voluntarily surrendered all further control over the case and person. Ex parte Gordon, 1 Black, 303; In re Webb, 89 Wis. 354; *People* v. *Brown,* 54 Mich. 15; *State* v. *Vose,* 80 Iowa, 467; *People* v. *Barrett,* 202 Ill. 287.

We are not furnished with a copy of the mittimus in this case; but the ordinary mittimus directs the officer to commit the convict then in custody, to the jail or prison according to the sentence. It contains no order to arrest, and does not authorize an arrest of one at large, and not an escaped prisoner. The sentence takes effect and is in force the day it is pronounced, and if the magistrate voluntarily discharges the convict from that custody without day, as was done in this case, he cannot afterward be taken in execution; certainly not after the time named for his imprisonment has elapsed, cases previously cited, *U. S.* v. *Wilson,* 46 Fed. Rep. 748. In re Bloom, 53 Mich. 597. In re Breton, 93 Maine, 39. *Spencer* v. *Perry,* 17 Maine, 413.

The fact that the petitioner assented to the suspension of the mittimus is immaterial. He could not thereby change or enlarge the jurisdiction or power of the Municipal Court.

We are cited, in opposition, to *Sylvester* v. *State,* 65 N. H. 193; *O'Malia* v. *Wentworth,* 65 Maine, 129; *State* v. *Quinn,* 96 Maine, 496. Neither of the cases hold that the delay in issuing the mittimus was lawful.

Habeas corpus is the proper remedy, when the process upon which the convict is held, was issued by a court having no jurisdiction of

the case or person at the time of its issue.    In re Hans Nielsen, 131 U. S. 176.

The result is, that the Municipal Court had no legal right to issue the mittimus when it did, and that the arrest and commitment under it was illegal, and the petitioner is unlawfully restrained of his liberty.

*Exceptions sustained.    Petitioner discharged.*