*Exceptions sustained.*
*Prisoner discharged.*

TREFFLE ST. HILAIRE, Petitioner

FOR WRIT OF HABEAS CORPUS.

Androscoggin.    Opinion August 14, 1906.

*Criminal Law.. Habeas Corpus. Statutes. Directory. Mandatory. Criminal Cases Continued for Sentence. Sentence Afterwards Awarded. R. S., c. 29, ₴ 62.*

The plaintiff was indicted as a common seller of intoxicating liquors under an indictment alleging prior conviction, pleaded guilty, and the court ordered the case continued for sentence. Nearly four years after the plea of guilty was filed, the indictment was brought forward and the plaintiff was sentenced to pay a fine of $200 and costs and to imprisonment four months in jail, and in default of payment of fine and costs imprisonment four months additional. The plaintiff then applied for a writ of habeas corpus, alleging that his imprisonment was illegal, relying upon the provisions of chapter 29, section 62 of the Revised Statutes and also upon the principles of the common law, and the writ was issued. The justice hearing the matter ruled that the plaintiff was legally imprisoned and denied his discharge on habeas corpus. The plaintiff excepted to this ruling.

Revised Statutes, chapter 29, section 62, reads as follows:

"When a person has been convicted in the Supreme Judicial or Superior Court, of a violation of this chapter, the county attorney shall have him sentenced at the same term, unless for reasons satisfactory to the court, the case is continued for sentence one term, but no longer."

*Held:* that the aforesaid statute which merely commands the county attorney to perform an official act at a certain time is to be construed as directory to him. But if the statute were mandatory as to him, it could not limit the discretion of the court to suspend sentence where the interests of justice demand it.

It is a recognized power of courts of general jurisdiction, having stated terms for the trial of criminal cases, for good cause, to place the indictment on file or continue the case to a subsequent term for sentence.

It could rarely happen that an act of leniency in temporarily suspending sentence against a person, convicted upon his plea of guilty, could be regarded a ground of complaint. Should an exceptional case arise and injustice be made to appear, relief would not be denied by the courts, or a more ample relief by the pardoning power.

The sentence and commitment of the plaintiff were legal and the exceptions must be overruled.

On exceptions by plaintiff.    Overruled.

Petition for writ of habeas corpus, alleging that the plaintiff was illegally imprisoned. The writ was issued and a hearing had before a justice of the Supreme Judicial Court. The justice ruled, as matter of law, that the plaintiff was legally imprisoned and denied his discharge on habeas corpus. Thereupon the plaintiff took exceptions. ·

The case fully appears in the opinion.

*S. J. Kelley*, for plaintiff.

*Ralph W. Crockett*, County Attorney, for the state.

SITTING: WISWELL, C. J., EMERY, STROUT, SAVAGE, PEABODY, JJ.

PEABODY, J.  The petitioner was indicted as a common seller of intoxicating liquors, under an indictment in which prior conviction was alleged, at the September term, 1901, of the Supreme Judicial Court in the County of Androscoggin. He pleaded guilty, and the court ordered that the case be continued for sentence. At the September term, 1902, of the court, the case was placed on the special docket. At the April term, 1905, the indictment was brought forward, and the petitioner was sentenced to pay a fine of $200.00 and costs $1.80, and to imprisonment four months in jail, and in default of payment imprisonment four months additional.

On May 6th, 1905, the petitioner applied for a writ of habeas corpus, which was issued on the same day. On the hearing the presiding Justice ruled, as matter of law, that the petitioner was legally imprisoned and denied his discharge on habeas corpus; and the case is before the Law Court on exceptions to this ruling.

The regularity of the warrant of commitment and the officer's return thereon, as to form and substance, is not questioned.

The record does not show whether or not the sentence was suspended at the request or with the consent of the petitioner, and we do not deem this material. It cannot be presumed that any reason influenced the court in the exercise of its discretion which was prejudicial to the interests of the petitioner or inconsistent with public justice.

The complaint of the petitioner is :

1. That the revival of the active criminal proceedings after his social and business relations had become changed was unjust to him and contrary to the welfare of society. It could rarely happen that an act of leniency in temporarily suspending sentence against a person, convicted upon his plea of guilty, could be regarded a ground of complaint. Should an exceptional case arise and injustice be made to appear, relief would not be denied by the courts, or a more ample relief by the pardoning power.

2. That he was illegally imprisoned, because the court had no right to impose sentence nearly four years after the plea of guilty was filed, and in support of this claim he relies upon the language of sec. 62, chap. 29, R. S., also upon the principles of the common law. The statute referred to provides: "Sec. 62. When a person has been convicted in the supreme judicial or superior court, of a violation of this chapter, the county attorney shall have him sentenced at the same term, unless for reasons satisfactory to the court, the case is continued for sentence one term, but no longer."

It is essential to the petitioner's contention that this statute be interpreted as mandatory.

It is difficult to formulate exact rules for determining when a statutory provision should be construed as mandatory and when as directory, but it may be stated as a general rule founded upon rea-

son and authority, that the interpretation will be adopted which will best subserve justice and the true legislative intent. A statute is mandatory when if not all its provisions are complied with according to their terms, the thing done in reference to it is void; a directory statute is one whose provisions, or part of them, operate merely to advise the official or other person who is to do or omit something therein pointed out, leaving the act or omission not destructive of the legality of what is done in disregard of the direction. Bish. Cr. L. sec. 25; Endlich on Int. Stat. sec. 431.

When no rights are impaired, provisions concerning the time and manner in which public officers are to perform assigned acts are directory. Endlich on Int. Stat. sec. 436; Sedgwick's Stat. & Const. 368; 26 Amer. & Eng. Enc. of Law, 689 (2d ed.)

When there is no substantial reason why an act may not as well be done after as at or before the time prescribed, such a statute is directory. *State* v. *Smith*, 67 Maine, 328; *Colt* v. *Eves*, 12 Conn. 243; *People* v. *Allen*, 6 Wend. 486; Bish. on Stat. Crimes, sec. 255.

It would thus seem that the statute quoted which merely commands the county attorney to perform an official act at a certain time is to be construed as directory to him. But if the legislative enactment were mandatory as to the county attorney, it could not limit the discretion of the court to suspend sentence where the interests of justice demand it. 8 Cyc. 822.

We have recognized the power of courts of general jurisdiction, having stated terms for the trial of criminal cases, for good cause to place the indictment on file or continue the case to a subsequent term for sentence. *Tuttle* v. *Lang*, 100 Maine, 123. Such practice has long existed in this state, New Hampshire and Massachusetts. *Sylvester* v. *State*, 65 N. H. 193; *Com.* v. *Dowdican's Bail*, 115 Mass. 133.

In the last case cited, which is similar to the one under consideration, the court, by Gray, C. J., say, "Such an order is not equivalent to a final judgment, nor to a nolle prosequi, nor discontinuance, by which the case is put out of court; but is a mere suspending of active proceedings in the case, which dispenses with the necessity of entering formal continuances upon the docket, and leaves it within

the power of the court at any time, upon the motion of either party, to bring the case forward and pass any lawful order or judgment therein."

This doctrine is established and this practice is recognized by law writers and by decided cases in other jurisdictions. Abbott's Trial Briefs in Crim. Cases, 2 ed. 744, and cases cited; Chitty's Crim. Law, 1 ed. 616; *People* v. *Court of Sessions of Munroe County*, 141 N. Y. 288; ex-parte Williams, 26 Fla. 310; *State* v. *Addy*, 43 New Jersey L. 113; *People* v. *Reilly*, 53 Mich. 260. These authorities are distinguishable from cases cited in behalf of the petitioner, which deny the power of the court to suspend sentence for an indefinite time. *People* v. *Brown*, 54 Mich. 15; *People* v. *Allen*, 155 Ill. 61; *U. S.* v. *Wilson*, 46 Fed. Rep. 748; *People* v. *Barrett*, 202 Ill. 287.

We therefore hold that the sentence and commitment of the petitioner were legal.

*Exceptions overruled.*
*Discharge of petitioner denied.*