EDWARD O. WELCH, Plaintiff in Error, *vs.* STATE OF MAINE.

Androscoggin.    Opinion June 1, 1921.

*A writ of error is based upon the record alone, and not upon facts dehors the record, no question of abuse of judicial discretion being involved. Sentence may be pronounced at once, or deferred by placing the case on the special docket, and the length of time during which the case may remain upon the special docket before being brought forward for imposition of sentence is within the discretion of the court. A docket entry as to what sentence is to be imposed in the future in case certain conditions are not complied with, is unauthorized and nugatory. Probation.*

The plaintiff in error at the October term, 1920, of the Superior Court for the County of Androscoggin, pleaded guilty to a complaint for illegal possession of intoxicating liquors and the court without imposing sentence ordered the case placed on the special docket. At the December term, 1920, according to the recorded judgment, the case was brought forward from the special docket and sentence imposed upon the plaintiff in error, consisting of a fine of three hundred dollars and costs, and in addition thereto four months in jail, and in default of payment of said fine and costs, six months in jail additional, and stand committed in execution of that sentence.

The docket entries are as follows: "Oct. T. 22, Retracts, pleads guilty, S. D." and then follows this memorandum in pencil—"Memo. Resp. is to leave County permanently within 2 weeks. If in trouble over liquor law anywhere in State within 1 year is to be sentenced on this to $1000 and 1 year in jail."

"Dec. T. 11, Ordered forward. Sentence $300 and costs and 4 months. In default 6 months additional. Mit. issued."

*Held:*

1. The pencil memorandum quoted above formed no part of the sentence or judgment. It did not purport to do so. It had no binding effect upon anyone.

2. The Judge at the October term had the power to impose sentence then, to be immediately executed, or to suspend the execution of it, or to defer sentence until a future time. He could not make a binding entry as to what sentence should be imposed in the future in case certain conditions were not complied with, even if he had attempted to do so. The law recognizes no such agreement. This pencil memorandum therefore is to be disregarded as of no effect.

3. A writ of error is based upon the record facts alone, and facts dehors the record, even if true, are immaterial, and can form no basis for a writ of error.

4. The attempted probation, if any, was not in accordance with law, in that it sought to control the discretion of any other Judge who might sit at a future term, and by not placing the respondent in the actual custody of a probation officer.

5. That the broad powers as to sentence inhering in a court of general jurisdiction were not diminished or curtailed by the passage of the Probation Act of 1909.

6. That the decision of the court below that no error existed in the record and that judgment be entered for the State was correct.

On exceptions by plaintiff. This is a writ of error before the Law Court under R. S., Chap. 82, Sec. 47, based upon the following record facts. At the October term, 1920, of the Superior Court for Androscoggin County, the plaintiff in error pleaded guilty to a complaint for illegal possession of intoxicating liquors and the court ordered the case placed on the special docket without imposing sentence. At the December term, 1920, the case was brought forward from the special docket, and the plaintiff in error was fined three hundred dollars and costs, and four months in jail, and in default of payment six months additional, and was committed. The following are the docket entries: "Oct. T. 22, Retracts, pleads guilty, S. D." followed in lead pencil "Memo. Resp. is to leave County permanently within 2 weeks. If in trouble over liquor law anywhere in State within 1 year is to be sentenced on this to $1,000 and 1 year in jail." The plaintiff in error in his writ alleged seven assignments of error, the first six being based upon the contention that the judgment rendered at the October term was unlawful and void, and the seventh assignment was based upon the contention that by the action taken at the October term, the court lost jurisdiction of the plaintiff in error and could not lawfully sentence him at the December term, all of which contentions were overruled by the presiding Justice, the county attorney having pleaded nullo est erratum, and the plaintiff in error excepted, and also took three other exceptions to rulings excluding evidence. Exceptions overruled.

The case appears fully in the opinion.

*H. E. Holmes*, for plaintiff in error.

*Benjamin L. Berman, County Attorney*, for the State.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, DUNN, WILSON, DEASY, JJ.

CORNISH, C. J. Writ of error before the Law Court under R. S., Chap. 82, Sec. 47. The record facts upon which the writ is based are these. At the October term, 1920, of the Superior Court for Androscoggin County, the plaintiff in error pleaded guilty to a complaint for illegal possession of intoxicating liquors and the court without imposing sentence ordered the case placed on the special docket. At the December term, 1920, according to the recorded judgment "the case is ordered brought forward from the special docket and it is considered and ordered by the court that the said Edward O. Welch forfeit and pay the sum of three hundred dollars to and for the use of the State and the costs of prosecution taxed at seven dollars and thirty cents and in addition thereto be imprisoned at labor in our County jail at Auburn in said County for the term of four months, and in default of payment of said fine and costs be imprisoned at labor in said jail for the term of six months additional, and stand committed in execution of this sentence."

The docket entries are as follows: "Oct. T. 22, Retracts, pleads guilty, S. D." and then follows this pencil "Memo. Resp. is to leave County permanently within 2 weeks. If in trouble over liquor law anywhere in State within 1 year is to be sentenced on this to $1000 and 1 year in jail." Then the docket entries at the December term are in the usual form. "Dec. T. 11, Ordered forward. Sentence $300 and costs and 4 months. In default 6 months additional. Mit. issued."

The pencil memorandum quoted formed no part of the sentence or judgment. It did not purport to do so. Its apparent purpose was to remind the court of the circumstances if the case should be brought forward in the future for sentence. It had no binding effect upon anyone. Even the court itself did not follow it when sentence was pronounced in December. The Judge then imposed a fine of $300 instead of the suggested $1000 and an imprisonment of four months instead of one year. The Judge at the October term had the power

to impose sentence then, to be immediately executed, or to suspend the execution of it, or to defer sentence until a future time. He could not make a binding entry as to what sentence should be imposed in the future in case certain conditions were not complied with, even if he had attempted to do so. The law recognizes no such agreement. This pencil memorandum therefore is to be disregarded as of no effect.

The points of attack made by the plaintiff in error may be reduced to two.

First, that the act of the court in imposing sentence at the December term was an abuse of judicial discretion because the plaintiff had in fact returned to the county not in violation of the restriction contained in the pencil memorandum, nor had he since the October term violated the provisions of the prohibitory law, but he had returned in order to prepare the defense of a civil suit that had been brought against him. All these facts are dehors the record and even if conceded to be true are entirely immaterial and can form no basis for a writ of error because, as before stated, the memorandum itself was void. No question of abuse of judicial discretion is involved.

The second contention is that the legal intendment of the action of the court at the October term was to put the respondent Welch on probation for one year, and that this attempted probation was not in accordance with law, first because it sought to control the discretion of any other Judge who might sit at a future term, and second because such probation can be legally effected only by complying with the provisions of R. S., Chap. 137, Secs. 10 to 24, by placing the respondent in the actual custody of a probation officer.

The fallacy of this contention lies in making the pencil memorandum a part of the judgment of the court, and then holding it void as attempting to control the action of a future court, while at the same time holding it valid as attempting probation but not in the method prescribed by statute. The answer to all these claims is that the effect of the action of the court at the October term is misconceived by the plaintiff. The court at that time simply ordered the case placed on the special docket, which is the same as placing the indictment on file. This it had unquestioned power to do under the firmly established law of this State. "There is no doubt that a permanent court of general jurisdiction, having stated terms for the trial of criminal cases, may for good cause, place an indictment on file, or

continue the case to a subsequent term for sentence. In such case jurisdiction of the person and cause is retained." *Tuttle* v. *Lang,* 100 Maine, 123, 126. The same practice obtains in Massachusetts, *Commonwealth* v. *Dowdican's Bail,* 115 Mass., 133. And the length of time during which the case can remain upon the special docket before being brought forward for the imposition of sentence is within the discretion of the court. St. Helaire, Pet'r, 101 Maine, 522. In that case three years elapsed between placing the case on the special docket and bringing it forward and imposing sentence. Here sentence was imposed at the next term, which was held within two months. No probation was attempted in the case at bar. None was necessary. The court in placing the cause upon the special docket was not compelled to place the respondent in charge of a probation officer. The broad powers as to sentence inhering in a court of general jurisdiction were not diminished or curtailed by the passage of the Probation Act of 1909. That act did not take from but added to the authority of the court. It afforded a new method in the administration of criminal law, tending toward the reformation rather than the punishment of the convicted, and placed a new and often times an effective instrumentality in the hands of the court. Its employment, however, was not rendered compulsory but discretionary. In some counties in this State there are no probation officers because the County Commissioners have not recommended their appointment under R. S., Chap. 137, Sec. 10. In others, appointments have been made. But in all, the powers of the court as to continuing for sentence and placing on special docket without probation, remain the same since the passage of that act as before.

The decision of the court below that no error existed in the record and that judgment be entered for the State was correct.

*Exceptions overruled.*