Edward Leo **FITZHERBERT**

v.

**STATE of Maine et al.**

Supreme Judicial Court of Maine.

May 24, 1967.

**698**

Gaston M. Dumais, Lewiston, for petitioner.

James S. Erwin, Atty. Gen., Jerome S. Matus, Asst. Atty. Gen., Augusta, for the State and others.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN and WEATHERBEE, JJ.

WEBBER, Justice.

The petitioner for the writ of habeas corpus appeals from the denial of the writ. In November, 1964 the petitioner was presented in the Superior Court upon three informations charging him respectively with breaking, entering and larceny, with escape from the county jail and with forgery. Upon the advice of competent court appointed counsel he entered his plea of guilty to each information. With the knowledge and consent of petitioner, the presiding justice imposed sentence only upon the information charging escape and ordered the other two cases filed. In 1965 the petitioner initiated post conviction relief proceedings which resulted in his release from custody and the setting aside of the conviction for escape. In January, 1966 the State brought forward from the special docket the filed information charging forgery and moved for sentence thereon. Petitioner was again afforded counsel appointed by the court. Petitioner was then sentenced to serve a term of not less than one nor more than two years for forgery. Pe-

titioner now seeks release from custody arising from this latter sentence.

It is asserted that the Justice below committed error in finding that the presiding Justice at the time of the prior sentence in 1964 did not at any time enter into an agreement or understanding that the filing of the other two informations would finally dispose of those cases. We apply the "clearly erroneous" test and note that this finding found ample support in the evidence. No error is shown.

The petitioner places primary reliance on his contention, vigorously asserted, that by filing the information charging forgery after entry of a plea of guilty thereto, the court lost jurisdiction and was without power to impose a subsequent sentence thereon. At the time of filing in 1964 the information statute 15 M.R.S.A. Sec. 811 provided in part: "The court * * * under appropriate circumstances, shall have authority to place the case on file with or without plea * * *." Although this section was repealed by P.L.1965, Ch. 356, Sec. 32 (to be superseded by the Maine Rules of Criminal Procedure effective December 1, 1965), Sec. 69 provided:

"Sec. 69. Effective date. This Act shall become effective December 1, 1965. It shall apply to all criminal proceedings commenced after December 1, 1965, and also to all criminal proceedings then pending, except to the extent that in the opinion of the court the application of this Act in a particular proceeding pending on December 1, 1965, would not be feasible *or work an injustice in which event the laws in effect prior to December 1, 1965 will prevail.*" (Emphasis ours)

Since filing of an information without loss of jurisdiction to impose subsequent sentence was within the intendment of the repealed statute, we would have no hesitation in holding, if it were necessary, that the instant case fell within the saving clause. Any other result would surely

"work an injustice". But the adoption of Maine Rules of Criminal Procedure, Rule 32(a), in effect in 1966 when sentence was imposed, is not to be construed as producing any different result in the case before us. The Rule provides in part: "Sentence shall be imposed without unreasonable delay * * *." The primary purpose of the use of the phrase "without unreasonable delay" is to place the respondent who desires to lodge an appeal in a position promptly to do so. Delay in sentence which might under some circumstances be deemed "unreasonable" if imposed upon the respondent would not be so viewed where the delay might work to the advantage of the respondent and occurred as a result of his request or with his consent, express or implied. Rule 32(a) was modeled upon the corresponding Federal Rule 32(a), the language of the quoted portion being the same. Barron, Federal Practice and Procedure (Rules Ed.) Vol. 4, Page 260, Sec. 2261 states: "Rule 32(a) requiring that sentence be imposed without unreasonable delay * * * is substantially a restatement of pre-existing law." The "pre-existing law" in the Federal Courts is well described in Pratt v. United States, (1939) 70 App.D.C. 7, 102 F.2d 275, 277. In this case there was a delay of over a year between the acceptance of a plea and the imposition of sentence. The court said:

"There is no merit in the contention that mere delay in imposing sentence during the term in which a conviction is had *operates to defeat jurisdiction to sentence at a later term*. In all criminal cases a sentence must be imposed to complete the steps of the prosecution. Until sentence is imposed there is no finality of judgment. The sentence is the judgment. Miller v. Aderhold, 288 U.S. 206, 210, 53 S.Ct. 325, 77 L.Ed. 702; Hill v. United States ex rel. Wampler, 298 U.S. 460, 464, 56 S.Ct. 760, 80 L.Ed. 1283; Berman v. United States, 302 U.S. 211, 212, 58 S.Ct. 164, 82 L.Ed. 204." (Emphasis ours)

The practice in this state with respect to indictments is well established. In St. Hilaire, Petitioner, (1906) 101 Me. 522, 525, 64 A. 882, 883 we said:

"We have recognized the power of courts of general jurisdiction, having stated terms for the trial of criminal cases, for good cause to place the indictment on file or continue the case to a subsequent term for sentence. Tuttle v. Lang, 100 Me. 123 [60 A. 892]. Such practice has long existed in this state, New Hampshire and Massachusetts. Sylvester v. State, 65 N.H. 193, 20 A. 954; Com. v. Dowdican's Bail, 115 Mass. 133.

"In the last case cited, which is similar to the one under consideration, the court, by Gray, C. J., say, 'Such an order is not equivalent to a final judgment, nor to a nolle prosequi, nor discontinuance, by which the case is put out of court, but is a mere suspending of active proceedings in the case, which dispenses with the necessity of entering formal continuances upon the docket, and leaves it within the power of the court at any time, *upon the motion of either party,* to bring the case forward and pass any lawful order or judgment therein.'" (Emphasis ours)

We are satisfied that the right of the respondent to move for sentence has always been recognized and continues under present practice. This is not to say that the court in the exercise of its discretion may never delay sentence in the face of the respondent's objection but the reasonableness of such delay will depend upon the particular circumstances and in the ordinary case sentence will be imposed forthwith upon the respondent's request therefor.

St. Hilaire was followed in Welch v. State, (1921) 120 Me. 294, 297, 113 A. 737, 738 in which we said: "The court at that time simply ordered the case placed on the special docket, which is the same as placing the indictment on file. This it had unquestioned power to do under the firmly

established law of this state. * * * And the length of time during which the case can remain upon the special docket before being brought forward for the imposition of sentence is within the discretion of the court."

Petitioner relies heavily on People ex rel. Harty v. Fay, (1961) 10 N.Y.2d 374, 223 N.Y.S.2d 468, 179 N.E.2d 483, 485. In this case there was a lapse of over six years between filing after plea and sentence. The court held that jurisdiction to sentence had been lost by lapse of time. The court said, however, "The rule we make is to be applied to extremely long and unreasonable delays only." The court was apparently under the misapprehension that Massachusetts was in accord as it cited Commonwealth v. Maloney, (1887) 145 Mass. 205, 13 N.E. 482, 485. This case was expressly limited to courts of inferior jurisdiction. The Massachusetts rule applicable to courts of general jurisdiction is otherwise as was made apparent in Maloney. The practice in Massachusetts in courts of general jurisdiction was that described in Dowdican's Bail (supra). Apparently by statute in 1893 the rule was extended to police, district and municipal courts. As described in Marks v. Wentworth, (1908) 199 Mass. 44, 85 N.E. 81 the Massachusetts rule permitted courts, with the defendant's consent, after verdict or guilty plea to file without sentence. Thereafter the case might at any time be called up and sentence imposed. See also Petition of Finer, (1925) 250 Mass. 493, 146 N.E. 23. We are not persuaded that the minority rule announced in People ex rel. Harty v. Fay (supra) should find acceptance here.

■ In the instant case, as already noted, the filing after plea without sentence was done with the knowledge and consent of the petitioner. It may well be that the sentence meted out as for escape may have been deemed at the time an adequate punishment for all three crimes confessed by petitioner's several pleas. It may be that if petitioner had served the sentence imposed, neither of the two filed cases would ever have been called up for further action. Those facts, if facts they be, change nothing nor do they add to or subtract from the petitioner's rights. The court had not lost jurisdiction to sentence and sentence as for forgery was properly imposed.

■ The petitioner asserts that the information charging forgery was fatally defective in that it (a) failed to allege that respondent uttered the forged check, and (b) failed to allege whom the respondent defrauded or intended to defraud. These contentions need not detain us long. "The offenses of forging and uttering a forged instrument are distinct." State v. Talbot, (1964) 160 Me. 103, 111, 198 A.2d 163, 168. "The statute does not require that the name of the person to be defrauded should be alleged." State v. Kimball, (1861) 50 Me. 409, 422. The language of the information effectively charged the respondent with forgery and fully satisfied the requirements delineated in State v. Charette, (1963) 159 Me. 124, 126, 188 A.2d 898, 900.

Appeal denied.

DUFRESNE, J., did not sit.