**STATE of Maine**

v.

**Richard J. FIXARIS.**

Supreme Judicial Court of Maine.

Nov. 7, 1974.

Arthur B. Kettle, Lawrence J. Zuckerman, Asst. Attys. Gen., Portland, Robert S. Raymond, Asst. Atty. Gen., Augusta, for plaintiff.

Norman S. Reef, Daniel W. Mooers, Portland, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

POMEROY, Justice.

Does the provision, "Nothing in this section shall be interpreted to prohibit a court from filing a case upon payment of costs without a conviction.", which is found in 4 M.R.S.A. 173(1), authorize a District Court Judge to "file" a case before plea over the objection of the State so as to *permanently* terminate its prosecution?

A District Court Judge concluded it did.

He thereupon attempted to do just that.

Nearly four months later the State filed a "Motion to Withdraw Complaint from Files and Redocket for Trial." Hearing was held before the same Judge who had ordered the case filed.

The motion was denied.

Seasonably pursuant to 15 M.R.S.A. 2115–A the State appealed.

We sustain the appeal.

The factual framework in which the issue now before us arose may be stated as follows:

The defendant was arrested for violation of 29 M.R.S.A. 1312 (operating a motor vehicle while under the influence of intoxicating liquor), on February 25, 1972.

A criminal complaint charging commission of the offense was issued.

After many continuances, hearing was scheduled on the complaint for August 8, 1972. On that date lengthy discussion between attorneys for the State, attorneys for the defendant and the Court was had.

On August 11, 1974, following a brief unscheduled discussion with both counsel, the District Court Judge on his own motion and over the objections of the State, ordered the case filed upon payment of "costs" which he taxed at $500.00.

4 M.R.S.A. 173 was cited as authority for his so doing.

There long has been a practice in this State, where good cause is shown, to place a complaint or indictment on file after conviction or to continue the case to a later time for sentence. Fitzherbert v. State, Me., 229 A.2d 697 (1967).

Such practice by a permanent court of general jurisdictioin having stated terms for the trial of criminal cases, received approval in Tuttle v. Lang, 100 Me. 123, 126, 60 A. 892 (1905). Later in St. Hilaire, Petitioner, 101 Me. 522, 525, 64 A. 882 (1906), this Court said:

"We have recognized the power of courts of general jurisdiction, having stated terms for the trial of criminal cases, for good cause to place the indictment on file or continue the case to a subsequent term for sentence. Tuttle v. Lang, 100 Me. 123. Such practice has long existed in this state, New Hampshire and Massachusetts. Sylvester v. State, 65 N.H. 193, 20 A. 954; Com. v. Dowdican's Bail, 115 Mass. 133."

The *St. Hilaire* Court then continued:

"In the last case cited, which is similar to the one under consideration, the court, by Gray, C. J., say, 'Such an order is not equivalent to a final judgment, nor to a nolle prosequi, nor discontinuance, by which the case is put out of court; but is a mere suspending of active proceedings in the case, which dispenses with the necessity of entering formal continuances upon the docket, and leaves it within the power of the court at any time, upon the motion of either party, to bring the case forward and pass any lawful order or judgment therein.'"

The only statutory language which (prior to the enactment of 4 M.R.S.A. 173) arguably appears to have suggested that it was within the power of the Court, acting on its own motion, to finally dispose of a case by placing it on file and thereby terminate the proceedings, is found in P.L.1959, c. 209.

"The court, or any justice thereof in vacation, under appropriate circumstances, shall have authority to place the case on file with or without plea, or to grant a motion made by the prosecuting officer to. enter a nolle prosequi as to part or all of said information."

The Legislative Record is completely silent as to the reasons which prompted the Legislature to insert this language in the amendment to the statute relating to "Waiver of Indictment" which had been enacted in 1955. P.L.1957, c. 3 (later 15 M.R.S.A. 811).

It is noted many other changes in the statute were made at that time.

Subsequently, in 1965, 15 M.R.S.A. 811 was repealed by P.L.1965, c. 356, Sec. 32. The effective date of the repealing statute was December 1, 1965. Simultaneously Rule 7(b), M.R.Crim.P., the purpose of which was to govern "information" procedure, became viable. Rule 7(b) contained none of the language referred to above which was found in P.L.1959, c. 209.[1]

■ We conclude that P.L.1959, c. 209, Sec. 33, did not authorize the Court or any Justic thereof in vacation, on his *own motion* to finally terminate the prosecution of a case before or after plea.

■ The "filing" described in P.L.1959, c. 209, Sec. 33, and 4 M.R.S.A. 173, we conclude, was intended to describe the same kind of action discussed in Commonwealth v. Dowdican's Bail, 115 Mass. 133 (1874), i. e., "a mere suspending of active proceedings in the case," leaving it "within the power of the Court at any time upon the motion of either party, to bring the case forward and pass any lawful order or judgment therein."

We have traced the legislative history of 4 M.R.S.A. 173, (the statute relied on by the District Court Judge for authority to file this case before plea over the objections of the State). We find the language upon which reliance was had by the Judge was not included in the original act creating a District Court (P.L. 161, c. 386). Rather, it was included as part of an amendment, titled "An Act Amending Certain Statutes to Conform to the District Court Law." (P.L.1963, c. 402, Sec. 238).

There is nothing in the Legislative Record indicating such language was intended to confer upon a Judge the power to *permanently* dispose of a case on his own motion.

Our Constitution gives this positive direction to the three branches of government:

"The powers of this government shall be divided into three distinct departments, the legislative, executive and judicial.

"No person or persons, belonging to one of these departments, shall exercise any of the powers properly belonging to either of the others, except in the cases herein expressly directed or permitted." Me.Const. art. 3, §§ 1, 2.

If a statute is susceptible of two interpretations, one of which will render it unconstitutional and the other will not, the latter should be adopted. In re Stubbs, 141

---

1. For discussion of "information" proceedings and the history of statutes and rules governing

same, see Eaton v. State, Me., 302 A.2d 588 (1973).

Me. 143, 39 A.2d 853 (1944); Hamilton et al. in Equity, v. Portland Pier Site District et al., 120 Me. 15, 24, 112 A. 836 (1921).

■ A statute which purports to give the judicial branch of government the right to determine on its own motion when prosecution of a criminal case will be had and when it will not, is of doubtful constitutional validity.

Should the judicial branch of government be permitted to usurp a function assigned by the Constitution to the executive department,

"it would come to pass that the possession by the Judicial Department of power to permanently refuse to enforce a law would result in the destruction of the conceded powers of the other departments and hence leave no law to be enforced." Ex parte United States, 242 U.S. 27, 42, 37 S.Ct. 72, 74, 61 L.Ed. 129 (1916), accord, In re United States, 286 F.2d 556 (1st Cir. 1961), rev'd on other grounds, 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962).

It must always be presumed the Legislature intended to act consistently with the Constitution. Ace Tire Co., Inc. v. Municipal Officers of City of Waterville, Me., 302 A.2d 90 (1973).

■ We, therefore, conclude 4 M.R.S.A. 173 was intended to reaffirm the long existing power of the Court to temporarily suspend the prosecution of a case upon payment of costs when such action is sought by the State.

To temporarily suspend active proceedings in a case, whether it be by a "continuance," or by a "placing on file" (Tuttle v. Lang, 100 Me. 123, 60 A. 892 (1905) ) or "placing in a special docket" (Welch v. State, 120 Me. 294, 113 A. 737 (1921) ), is an action quite different from permanently terminating a prosecution by dismissal of an indictment, information or complaint.

■ An indictment, information or complaint may be dismissed and the prosecution thereof terminated only when the State by its attorney has filed such dismissal in writing, setting forth the reason for the action taken, and the Court has granted its written leave thereto (except in the circumstances described in Rule 48(b) ). Rule 48, M.R. Crim.P.

■ In the case before us, the action of the presiding Judge in ordering the case "filed" upon payment of costs had the legal effect only of suspending active prosecution of the case *temporarily*. When the State moved to restore the case to the active docket of the Court and proceed to a disposition of the pending complaint, there was no alternative for the Court, except to grant the motion and permit the prosecution to proceed.

The legislative department of government has determined that operating a motor vehicle while under the influence of intoxicating liquor is a crime and that persons accused by the appropriate officers of having violated the statute proscribing such conduct must be prosecuted.

The executive department of government is charged with seeing to the faithful execution of the laws.

■ Under our constitutional system the right to try offenses and to impose punishment provided by law does *not* "beget[s] inherently a discretion to permanently refuse to do so." 242 U.S. at 42, 37 S.Ct. at 74.

■ We are satisfied the District Court Judge intended to permanently stay prosecution of the complaint then pending against the defendant when he ordered the case filed "upon payment of $500.00 costs." [2]

2. We see no rational relationship between the concept of costs and the figure $500.00 which the Court assessed as "costs."

Nothing said in this opinion should be interpreted as approving a practice by which an arbitrary amount of money having no real re-

We must and do hold that the District Court Judge exceeded his authority when he purported to dismiss the complaint over the objections of the State.

We must and do, therefore, order the case restored to the docket in the District Court to be considered as an active case.

The entry must be,

Appeal sustained.

All Justices concurring.

lationship to costs, is required to be paid by a defendant in order to avoid prosecution for an offense with which he has been charged.

If a case is properly filed "upon payment of costs," the amount of money assessed should be costs and not a fine or penalty labeled "costs." This is so, even though the defendant and the State both consent to the imposition of the penalty.

The statutory authorization that a case may be filed "upon payment of costs" cannot properly be used as a means by which a person charged with a criminal offense is enabled to avoid prosecution by paying a fine, even though he has never been convicted of the offense with which he is charged.