[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE
FACTS
The plaintiff, Elisabeth Seebeck, commenced this action by filing a complaint in fourteen counts against the defendants, McLaughlin Research Corp. (MRC), Howard Stone and Patricio Kelly, on May 31, 1994. The complaint alleges that the plaintiff was an employee of MRC from March 30, 1992, to March 7, 1994, that Stone was the plaintiff's supervisor and also an employee of MRC, and that Stone had significant control over the terms and conditions of the plaintiff's working environment, such as pay raises, evaluations and working assignments. The complaint alleges that on or about March 26, 1993, while at work, Stone came up from behind the plaintiff and pinched her on the buttocks, to which the plaintiff objected strenuously and told Stone never to touch her like that again. The complaint also alleges that on or about November 8, 1993, Stone again came up from behind the plaintiff while at work and this time grabbed her by the buttocks, which was witnessed by a fellow employee. The complaint further alleges that Stone's conduct was unwelcome, offensive and extremely upsetting to the plaintiff.
The complaint goes further to allege that the plaintiff complained to the appropriate management employees of MRC, that the complaint was assigned for investigation to Patricio, MRC's Director of Human Resources, that Patricio met with the plaintiff CT Page 3294 and Stone during work hours on or about November 17, 1993, and that Stone admitted to the conduct alleged to have occurred on November 8 in Patricio's presence. The complaint also alleges that Patricio again met with the plaintiff during work hours on or about November 22, 1993, wherein Patricio told the plaintiff not "to read too much" into things. The complaint goes on to allege that the plaintiff filed a written allegation of sexual harassment against Stone with Patricio on or about December 1, 1993. The complaint alleges that Patricio had yet another meeting with the plaintiff during work hours on or about December 15, 1993, during which Patricio accused the plaintiff of inviting or inciting Stone's physical contact, accused her of engaging in certain conduct with other male employees, and threatened the plaintiff with disclosure of information if she pursued her sexual harassment claim.
The plaintiff further alleges that Stone has not yet been tangibly disciplined for his conduct. The plaintiff also claims that she was forced to work with Stone from November 8, 1993 to March 7, 1994, to accept work assignments from him, to interact with him, and to tolerate his ridicule and snickering. The plaintiff claims that this ordeal has caused her great mental distress and has also caused her to fear or apprehend future harmful or offensive contact with her person by Stone.
The plaintiff also alleges that MRC engaged in retaliatory discrimination against her for filing the sexual complaint in that she was given a new work assignment with a different work load, subjected to intimidation and ridicule from Henry J. Maturi, president of MRC, Stone and other management personnel, confidential information regarding her sexual harassment complaint was disseminated to her co-workers, and she was treated differently than in the past and as to other employees with regard to the completion of time cards.
Patricio and MRC filed answers, each with the same five special defenses, on March 8, 1995. This court, Hurley, J., granted the plaintiff's motion to strike (#113) all five special defenses in both answers on April 27, 1995. Stone filed an answer with five special defenses on April 13, 1995. The plaintiff filed a motion to strike the first, third, fourth and fifth special defenses, which was granted in its entirety by the court, Hendel, J., on August 2, 1995. Stone exercised his option to replead and filed four amended special defenses on August 11, 1995. On October 12, 1995, the plaintiff filed the present motion to CT Page 3295 strike the first, second and third amended special defenses. Pursuant to Practice Book § 155, both parties have submitted an appropriate memoranda of law in support of their respective position.
DISCUSSION
"The only remedy by which to test the sufficiency of a cause of action or defense, whether stated in one pleading, count or defense, or in a paragraph or paragraphs thereof, is a [motion to strike]." Donovan v. Davis, 85 Conn. 394, 397-98, 82 A. 1025
(1912). "In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion."Merideth v. Police Commission, 182 Conn. 138, 140-41, 438 A.2d 27
(1980). "[A] trial court must take the facts to be those alleged in the [pleading] . . . and cannot be aided by the assumption of any facts not therein alleged." Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348, 576 A.2d 149 (1990). The "facts" include those "facts necessarily implied and fairly provable under the allegations. [They] do not include, however, the legal conclusions or opinions stated in the [special defenses]." S.M.S.Textile v. Brown, Jacobson, Tillinghast, Lahan King, P.C.,32 Conn. App. 786, 796, 631 A.2d 340 (1993). "[The court must construe] the facts alleged in the . . . light most favorable to the pleader." RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,384, 650 A.2d 153 (1994). "The sole inquiry is whether the . . . allegations, if proved, would state a [valid defense]."Doyle v. A P Realty, 36 Conn. Sup. 126, 127, 414 A.2d 204
(1980).
The plaintiff argues that all of the first three special defenses are legally insufficient, because they do not constitute legal defenses to the claims she asserts against Stone.
"No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue." Practice Book § 164. "If, however, a party seeks the admission of evidence which is consistent with the prima facie case, but nevertheless would tend to destroy the cause of action, the `new matter' must be affirmatively pleaded as a special defense." (Quotation marks omitted.) Pawlinski v.Allstate Ins. Co., 165 Conn. 1, 6, 327 A.2d 853 (1973); see also § 164. A functional example of these two rules is as follows: Assume "D is liable to P if a, b, and c are true unless d is also true. If d contradicts a, b, or c, then evidence of d may be CT Page 3296 admitted under a denial. If, however, the existence of d does not negate the existence of a, b, or c, but independently destroys liability, then evidence of d may be admitted only under a special defense." Id., 7.
In the present case, Stone's first and third special defenses are both based expressly on General Statutes § 46a-60. The first special defense states that "[t]he conduct of the Plaintiff as alleged in paragraphs one through four of the Defendant's First Special Defense estops the Plaintiff from seeking the relief requested in her complaint pursuant to Connecticut General Statutes section 46a-60 (8)[1]." The third special defense states that "[p]ursuant to General Statutes section 46a-60, the Defendant, McLaughlin Research Corporation was, at all times mentioned herein, the Plaintiff's employer and is solely liable to the Plaintiff for the damages the Plaintiff claims."
General Statutes § 46a-60 defines various types of employer conduct that constitute illegal discrimination. Subsection (a)(8), the most relevant subsection to the facts set out in the complaint, defines conduct in the work place that constitutes "sexual harassment." The plaintiff in the present case, however, does not assert a claim of sexual harassment against Stone individually. The four counts of the complaint directed at Stone allege battery, intentional and negligent infliction of emotional distress and invasion of privacy. (Complaint, counts 1-4.). The court finds that nothing alleged in the first or third special defenses present a valid defense to the claims asserted by the plaintiff. See, e.g., D. Wright, J. FitzGerald W. Ankerman, Connecticut Law of Torts, § 15 (3rd Ed. 1991) (consent is a defense to intentional torts.). The first and third special defenses are improper, inapplicable, and legally insufficient defenses to the claims asserted by the plaintiff. Pawlinski v. Allstate Ins. Co., supra, 165 Conn. 6.
The court is not persuaded by Stone's argument that the first special defense raises the issue of consent and is therefore a relevant defense to the intentional torts alleged by the plaintiff. The first special defense specifically asserts estoppel based on § 60(a)(8), not the common law defense of consent, and such an allegation should not be inferred into its language by the court. Liljedahl Bros. Inc. v. Grigsby, supra,215 Conn. 348.
Finally, Stone's second special defense alleges that "[t]he CT Page 3297 Defendant, Howard Stone, had no supervisory position relative to the plaintiff and Defendant had made no employment decisions concerning the Plaintiff's future employment." Since the fact of whether Stone was or was not the plaintiff's supervisor is not consistent with any of the plaintiff's claims against Stone and would not serve to independently destroy any of the causes of action the plaintiff asserts against him, the court finds that the second special defense is also inapplicable, improper and legally insufficient. See, e.g., D. Wright, J. FitzGerald W. Ankerman, supra, § 15.
The court is not persuaded by Stone's argument that the plaintiff waived the right to object to the second special defense by failing to object when it appeared in Stone's original answer (#115). The court finds that Stone's amended special defenses are controlling and removed the original special defenses from the case. BRT Corporation v. New England MasonryCo., Superior Court, judicial district of Litchfield, at Litchfield, Docket No. 04 89 20 (October 25, 1991, Pickett, J.,5 Conn. L. Rptr. 205). It would follow that, since the plaintiff has not yet filed a reply to the amended special defenses, she has not waived the right to attack them by way of motion to strike. See Practice Book §§ 112.
CONCLUSION
Based on the foregoing, the plaintiff's motion to strike Stone's first, second and third special defenses is granted.
Austin, J.